■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL A. CLARK, JR.,, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 30, 1984, upon a verdict convicting defendant of the crimes of arson in the third degree, burglary in the third degree and petit larceny.

This appeal is the outgrowth of a burglary and deliberate burning of a fast-food restaurant in the City of Watervliet, Albany County. When the crimes were committed, defendant was 16 years old.

Testimony at trial conclusively established that at about

3:00 A.M. on April 22, 1984, after consuming alcoholic beverages over a nine-hour period, defendant and his codefendant, Mark T. Bell, who before trial pleaded guilty to arson and testified on behalf of the People, went looking for food. They eventually happened upon the restaurant which was closed and which defendant admitted he entered for the specific purpose of stealing food. To gain access, they threw rocks through its windows. Once inside, defendant took several food items while Bell took $13 in rolled pennies as well as some chicken. Defendant left the building while Bell remained and intentionally started a fire in an effort to eliminate fingerprints. There was contradictory testimony concerning whether defendant gave Bell the lighter used to ignite the fire. The blaze caused over $300,000 in property damage.

Tried by a jury, and convicted as noted, defendant maintains reversible error occurred when County Court refused to dismiss for cause a juror who had a social relationship with Albany County District Attorney Sol Greenberg. An assistant in the District Attorney's office prosecuted the case on behalf of the People. During voir dire, juror No. 7 made known that she and her husband (then deceased) had gone out socially with the Greenbergs in the past; that she had entertained them in her home; that she and her husband had been on a cruise with the Greenbergs which was sponsored by a veterans organization of which they were all members; that she and the District Attorney were sufficiently acquainted to be on a first name basis; that her deceased husband and the District Attorney were "very good friends"; and that after her husband's death, she had occasion to see and be in the District Attorney's company socially. County Court's denial of defense counsel's challenge to this juror for cause prompts us to reverse and direct that a new trial be held.

Initially we note that defense counsel exhausted his peremptory challenges before selection of the jury was completed, thus enabling defendant to assert on appeal that denial of his challenge to juror No. 7 for cause was reversible error *(see, People v Torpey,* 63 NY2d 361, 365).

CPL 270.20 (1) (c) allows a challenge for cause where a prospective juror "bears some * * * relationship to any such person of such nature that it is likely to preclude him from rendering an impartial verdict". This provision underscores a fundamental premise of our criminal justice system, that of the right of an accused to a bias-free jury trial. As a consequence, potential jurors who enjoy a "suspect relationship" with a key participant in a criminal proceeding that is likely

to preclude them from rendering an impartial verdict are deemed unfit to serve *(see, People v Branch,* 46 NY2d 645, 651). And an expurgatory declaration by the juror, as here, that her relationship with the District Attorney would not influence her verdict, does not dispel the risk of prejudice arising from that relationship *(id.)*.

This being an instance where the association between the prospective juror and the District Attorney is obviously more than that of a "nodding acquaintance", the case of *People v Provenzano* (50 NY2d 420) is distinguishable and our conclusion is necessarily dictated by the admonition expressed in *People v Branch (supra)*: "that the trial court should lean toward disqualifying a prospective juror of dubious impartiality, rather than testing the bounds of discretion by permitting such a juror to serve. It is precisely for this reason that so many veniremen are made available for jury service. Nothing is more basic to the criminal process than the right of an accused to a trial by an impartial jury. The presumption of innocence, the prosecutor's heavy burden of proving guilt beyond a reasonable doubt, and the other protections afforded the accused at trial, are of little value unless those who are called to decide the defendant's guilt or innocence are free of bias" *(id.,* p 651-652).

We have also studied defendant's objections directed at County Court's charge and find no error therein, nor in the court's refusal to charge Penal Law § 20.10 or, on this record, criminal trespass in the second degree (Penal Law § 140.15) as a lesser included offense of burglary in the third degree (Penal Law § 140.20). We pass on no other issues.

Judgment reversed, on the law, and matter remitted to the County Court of Albany County for a new trial. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.