95 N.Y.2d 243 (2000)
738 N.E.2d 1172
715 N.Y.S.2d 691
THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v.
JOSE LYNCH, Appellant.
Court of Appeals of the State of New York.
Argued September 14, 2000.
Decided October 24, 2000.
*244 Joshua M. Levine, New York City, and Lynn W. L. Fahey for appellant.
*245 Richard A. Brown, District Attorney of Queens County, Kew Gardens (Rona I. Kugler, John M. Castellano and Nicoletta J. Caferri of counsel), for respondent.
Judges LEVINE, CiPARICK, WESLEY and ROSENBLATT concur with Chief Judge KAYE; Judge SMITH dissents and votes to reverse in a separate opinion.

*246 OPINION OF THE COURT
Chief Judge KAYE.
The main issue in this case concerns whether there was legally sufficient evidence of depraved indifference to support defendant's conviction of first degree reckless endangerment.
The complainant, Eric Diaz, was walking with his girlfriend and her sister past a Halloween party in Queens when he was accosted by defendant and several other men. Pointing to his own eyes and to Diaz's, defendant said, "You like to look with your eyes?" and then turned a beer bottle upside down as if to use it as a weapon. Although Diaz tried to retreat, defendant and the others cornered him against a parked car and began assaulting him. During the altercation, defendant stabbed Diaz in the back of the neck with a three-inch metal object, seriously injuring his spinal column. Diaz fell to the ground and lay bleeding and motionless as defendant and the other assailants kicked him in the chest, ribs and legs, and stomped on his face. Diaz's girlfriend pleaded for them to stop, but defendant (or one of his accomplices) refused, exclaiming that he was getting his "kicks in." Finally, an accomplice threw a discarded computer at Diaz's head before the attackers fled.
Later that evening, defendant was arrested and admitted to a New York City Police detective that he had picked up something from the ground and stabbed Diaz in the back in self-defense. Diaz was hospitalized for nearly a month and treated for debilitating injuries. At the time of trial, eight months later, Diaz still suffered paralysis and memory loss; full recovery was uncertain.
A jury convicted defendant, acting in concert, of second degree assault, first degree reckless endangerment, and fourth degree criminal possession of a weapon. As the People conceded *247 on appeal, the evidence was legally insufficient to support the second degree assault conviction on a theory that defendant used a deadly weapon, and the Appellate Division modified the judgment by reducing that count from second to third degree. As modified, the Appellate Division affirmed the conviction and remitted the case to Supreme Court for sentencing on the reduced offense. A Judge of this Court granted leave to appeal. We now affirm.

Discussion
Defendant argues that there is insufficient evidence of depraved indifference because he acted in self-defense during a fistfight instigated by the victim. He claims, in essence, that a verbal exchange escalating into a physical confrontation involving his eventual use of a weapon does not support a finding of depraved indifference. The standard of review is well settled: we review the evidence in a light most favorable to the People, and will not disturb a conviction as long as the evidence at trial establishes "any valid line of reasoning and permissible inferences [that] could lead a rational person to the conclusion reached by the fact finder" (People v Williams, 84 NY2d 925, 926; see also, People v Contes, 60 NY2d 620, 621). The evidence adduced at trial here amply supports the jury's verdict.
Depraved indifference requires proof "that the actor's reckless conduct is imminently dangerous and presents a grave risk of death" (People v Roe, 74 NY2d 20, 24). This calculus requires an "objective assessment of the degree of risk presented by defendant's reckless conduct" (People v Register, 60 NY2d 270, 277).
Defendant drove a sharp metal object into the back of the victim's neck, penetrating a vital area and causing injury to his spinal cord. The attack was brutal and sustained. After the victim fell to the ground, defendant and his cohorts kept kicking and beating him, and one threw a computer at his head. Although a witness begged them to relent, defendant and his accomplices continued the assault. The risk of death caused by this conduct may be inferred from all of these actions and their consequences: the victim was paralyzed, suffered memory loss and required hospitalization for almost a month. There is certainly a valid line of reasoning by which, when viewed objectively, a rational person could conclude that the degree of risk of defendant's actions was so great that it created a very substantial risk of death (see, People v Russell, 91 NY2d 280, 287-288).
*248 Defendant's related argument, that the trial court instructed the jury to consider only the stabbing as to the reckless endangerment count, is incorrect. True, courts must review the sufficiency of the evidence in light of the law on which the jury was instructed. However, in this case we need not and do not decide whether the stabbing alone could be considered depraved indifference because the court did not limit the jury to an assessment of defendant's conduct. Instead, it instructed the jurywithout objection from defendantto consider "all the evidence in the case" as well as the actions of the defendant "either alone or acting in concert with others."
Finally, there is no merit in defendant's contention that the trial court committed reversible, statutory error by denying challenges for cause to remove two allegedly biased prospective jurors. As the dissent correctly points out, the two potential jurorsan avowed pacifist who would not agree to follow the court's instructions, and a student intern employed at the prosecuting agency's officeshould have been dismissed for cause (People v Johnson, 94 NY2d 600). Defendant should not have had to use two of his peremptory challenges, as he did, to remove those jurors. However, erroneous denial of a challenge for cause "does not constitute reversible error unless the defendant has exhausted his peremptory challenges at the time or, if he has not, he peremptorily challenges such prospective juror and his peremptory challenges are exhausted before the selection of the jury is complete" (CPL 270.20 [2]; see, People v Culhane, 33 NY2d 90, 97 [noting that CPL 270.20 codified the common-law rule that required exhaustion of peremptory challenges in order to have aggrievement]; People v Casey, 96 NY 115, 123 [if a defendant has not yet exhausted all peremptory challenges, it could well be said that defendant has not been harmed, but where, by the erroneous rulings of the court, a defendant is obliged to exhaust all peremptory challenges, it is clear that defendant is harmed and may raise the issue on appeal]).
As the record before us shows, after a juror was challenged peremptorily by defendantusing his fifteenth challengethe following exchange took place:
"THE COURT: You have one more left.
"THE COURT CLERK: This is the last one, okay?
"[DEFENSE COUNSEL]: Okay."
Defendant was unambiguously given, and declined to use, an additional challenge. After the questioning of the twelfth prospective juror, the following occurred:

*249 "THE COURT: For cause?
"[THE PROSECUTOR]: No.
"THE COURT: For cause?
"[DEFENSE COUNSEL]: No.
"THE COURT: Perempt?
"[THE PROSECUTOR]: No.
"THE COURT: Perempt?
"[DEFENSE COUNSEL]: No.
"THE COURT CLERK: That's it, number twelve."
In that defendant failed to exhaust his peremptory challenges, the statutory criteria for reversible error were not met.[*]
Defendant urges that the mandate of CPL 270.20 (2) should not be followed in this case because the unused peremptory challenge was mistaken or unauthorized. Mistaken or not, the challenge was explicitly made available to defendant, and it remained on the table at the completion of jury selection. Any confusion or objection defendant may have had should have been voiced at the time. Instead, defendant signaled only acquiescence, implying his satisfaction with the jury as constituted. Defendant's remaining argument is without merit.
Accordingly, the order of the Appellate Division should be affirmed.
SMITH, J. (dissenting).
The trial court denied two of the defendant's challenges for cause of prospective jurors who should have been excused, and the defendant exhausted his peremptory challenges before the end of jury selection. Reversal was required and I, therefore, dissent.
Defendant contends that the trial court committed reversible error when it deprived him of his due process right to an impartial jury by denying his challenges for cause to remove two prospective jurors whose biases allegedly rendered them unfit to serve.
During voir dire, the first prospective juror expressly stated that the nature of complainant's injuries would probably render *250 her incapable of submitting an impartial verdict based on the evidence adduced at trial. The juror further indicated that she could not assure the court that she would follow its instructions regarding the justification defense, but would "take it into consideration." Because the trial court denied his request for removal, defendant exercised a peremptory challenge to excuse her from the case.
Defendant asserted a challenge for cause against another prospective juror on the grounds that she was a third-year law student interning at the Queens District Attorney's Office, the prosecuting agency in this case. Because the law student assured the court that she could be an impartial juror despite her internship, the court denied defendant's request. Consequently, defendant exercised another peremptory challenge to excuse this prospective juror.
On appeal to the Appellate Division, the defendant argued that both challenges for cause should have been granted. He argued further that since he exhausted his peremptory challenges prior to the end of jury selection, the conviction should be reversed and a new trial ordered. The People argued that the denials of the challenges were proper in both cases. They argued further that since the court granted an additional peremptory challenge to the defendant, he did not exhaust his peremptory challenges.
Both jurors should have been excluded because one demonstrated actual bias and the other was employed by the office prosecuting the defendant. Courts should grant challenges for cause when the prospective juror demonstrates actual bias or inability to render impartial service and does not unequivocally indicate an ability to render an impartial verdict based on the evidence (People v Johnson, 94 NY2d 600, 610). Courts should also grant a challenge for cause where a prospective juror "bears some * * * relationship to any * * * person [e.g., the defendant or either counsel] of such nature that it is likely to preclude him from rendering an impartial verdict" (CPL 270.20 [1] [c]; People v Branch, 46 NY2d 645, 649-650).
The first prospective juror did not provide any of the necessary assurances that she was capable of setting aside her beliefs for the purposes of this case. Likewise, the second prospective juror had professional ties with the office of the prosecutor trying the case, creating an appearance of impropriety.
The defendant and the People differ as to whether the court granted an additional challenge to the defendant. Prior to the *251 defendant's exercise of his last peremptory challenge, the following exchange occurred:
"THE COURT: For cause?
"MS. SCHWAB: None.
"THE COURT: For cause?
"MS. BYRNE: No.
"THE COURT: Perempt?
"MS. SCHWAB: No.
"THE COURT: Perempt?
"MS. BYRNE: Yes.
"THE COURT: You have one more left.
"THE COURT CLERK: This is the last one, Okay?
"MS. BYRNE: Okay."
After the questioning of a twelfth prospective juror, the following occurred:
"THE COURT: For cause?
"MS. SCHWAB: No.
"THE COURT: For cause?
"MS. BYRNE: No.
"THE COURT: Perempt?
"MS. SCHWAB: No.
"THE COURT: Perempt?
"MS. BYRNE: No.
"THE COURT CLERK: That's it, number twelve."
The defendant contends that when the court stated to the defense attorney that he had one challenge left after he exercised his last statutory challenge, the Court Clerk promptly stated that he had used his last challenge. Defendant argues that no additional challenge was given when, after questioning of an additional juror, the court asked both sides if they wished to exercise a peremptory challenge. The People argue that the foregoing exchange indicates that the court gave to defendant an additional peremptory challenge which he did not exercise. The People also argue that the denial of the challenge to the prospective juror who was working for the office of the District Attorney was proper. The Appellate Division did not specifically address whether the challenges for cause were properly denied.
Reversal is required because the defendant exercised all of the peremptory challenges afforded to him by the law prior to *252 the end of jury selection. CPL 270.20 (2) states, in relevant part, that "[a]n erroneous ruling by the court denying a challenge for cause by the defendant does not constitute reversible error unless the defendant has exhausted his peremptory challenges * * * before the selection of the jury is complete." Although defendant exhausted his statutorily allotted 15 peremptory challenges before the last juror was seated (see, CPL 270.25 [2]), the court informed defendant that he had one challenge remaining. The Court Clerk immediately informed the defendant that he had exhausted his challenges. The court never made clear to the defendant that he was granting a challenge in addition to that required by law. Defendant was not obligated to state on the record that he had exhausted all of his peremptory challenges and was dissatisfied with the jury before asserting the rights granted by CPL 270.20 (2) (see, People v Butts, 140 AD2d 739, 739-740).
Moreover, even if it is assumed that defendant declined to exercise this additional peremptory challenge, the court was not authorized to give the challenge in these circumstances. It is contrary to the plain words and the intent of CPL 270.20 (2) to circumvent its explicit commands by a last second offer of an additional peremptory challenge for a prospective juror that the defendant does not seek to challenge for cause.
Moreover, our precedents require reversal here. In People v Culhane (33 NY2d 90, 97), in reversing a conviction for failure of the trial court to grant challenges for cause, we stated:
"Although the veniremen did not sit on the jury, because the defendants exercised peremptory challenges, this is of no consequence. It is well settled that an erroneous ruling by the court, denying a challenge for cause, constitutes reversible error when the defendant peremptorily challenges the prospective juror and his peremptory challenges are exhausted before the jury selection process is complete (People v. Casey, 96 N. Y. 115, 123; People v. Flaherty, 162 N. Y. 532, 537, 538). This rule of long standing, derived from the common law, has recently been codified in CPL 270.20 (subd. 2). Here of course the defendants' peremptory challenges were exhausted before the jury selection was complete."
Finally, while this Court has approved an increase in the number of peremptory challenges where the nature of the crime *253 and the number of defendants warrant the increase,[*] it was an abuse of discretion to give an extra challenge in this case after 11 jurors had been selected and the defendant had used all of his peremptory challenges. This Court should not hold that once a defendant has exhausted all of his or her peremptory challenges, reversal can be avoided simply by granting one additional challenge without some compelling necessity.
Accordingly, I would reverse and grant the defendant a new trial.
Order affirmed.
NOTES
[*] The dissent's reliance on People v Butts (140 AD2d 739, 739-740) is misplaced. Butts holds that a defendant who has exhausted all peremptory challenges and is dissatisfied with the jury has no affirmative duty to state such dissatisfaction on the record to preserve the issue for review. Butts is inapplicable here, because defendant did not exhaust his challenges. There is, moreover, nothing to support the dissent's speculation that the trial court added a peremptory challenge in order to avoid reversal for prior rulings (dissenting opn, at 253).
[*] See, People v Anthony (24 NY2d 696, 703 [defendant not prejudiced by being given 30 instead of 20 peremptory challenges when he and a codefendant were being tried jointly for murder]).