OPINION OF THE COURT
Chief Judge Kaye.
The main issue in this case concerns whether there was legally sufficient evidence of depraved indifference to support defendant’s conviction of first degree reckless endangerment.
The complainant, Eric Diaz, was walking with his girlfriend and her sister past a Halloween party in Queens when he was accosted by defendant and several other men. Pointing to his own eyes and to Diaz’s, defendant said, ‘You like to look with your eyes?” and then turned a beer bottle upside down as if to use it as a weapon. Although Diaz tried to retreat, defendant and the others cornered him against a parked car and began assaulting him. During the altercation, defendant stabbed Diaz in the back of the neck with a three-inch metal object, seriously injuring his spinal column. Diaz fell to the ground and lay bleeding and motionless as defendant and the other assailants kicked him in the chest, ribs and legs, and stomped on his face. Diaz’s girlfriend pleaded for them to stop, but defendant (or one of his accomplices) refused, exclaiming that he was getting his “kicks in.” Finally, an accomplice threw a discarded computer at Diaz’s head before the attackers fled.
Later that evening, defendant was arrested and admitted to a New York City Police detective that he had picked up something from the ground and stabbed Diaz in the back in self-defense. Diaz was hospitalized for nearly a month and treated for debilitating injuries. At the time of trial, eight months later, Diaz still suffered paralysis and memory loss; full recovery was uncertain.
A jury convicted defendant, acting in concert, of second degree assault, first degree reckless endangerment, and fourth degree criminal possession of a weapon. As the People conceded *247 on appeal, the evidence was legally insufficient to support the second degree assault conviction on a theory that defendant used a deadly weapon, and the Appellate Division modified the judgment by reducing that count from second to third degree. As modified, the Appellate Division affirmed the conviction and remitted the case to Supreme Court for sentencing on the reduced offense. A Judge of this Court granted leave to appeal. We now affirm.
Discussion
Defendant argues that there is insufficient evidence of depraved indifference because he acted in self-defense during a fistfight instigated by the victim. He claims, in essence, that a verbal exchange escalating into a physical confrontation involving his eventual use of a weapon does not support a finding of depraved indifference. The standard of review is well settled: we review the evidence in a light most favorable to the People, and will not disturb a conviction as long as the evidence at trial establishes “any valid line of reasoning and permissible inferences [that] could lead a rational person to the conclusion reached by the fact finder” (People v Williams, 84 NY2d 925, 926; see also, People v Contes, 60 NY2d 620, 621). The evidence adduced at trial here amply supports the jury’s verdict.
Depraved indifference requires proof “that the actor’s reckless conduct is imminently dangerous and presents a grave risk of death” (People v Roe, 74 NY2d 20, 24). This calculus requires an “objective assessment of the degree of risk presented by defendant’s reckless conduct” (People v Register, 60 NY2d 270, 277).
Defendant drove a sharp metal object into the back of the victim’s neck, penetrating a vital area and causing injury to his spinal cord. The attack was brutal and sustained. After the victim fell to the ground, defendant and his cohorts kept kicking and beating him, and one threw a computer at his head. Although a witness begged them to relent, defendant and his accomplices continued the assault. The risk of death caused by this conduct may be inferred from all of these actions and their consequences: the victim was paralyzed, suffered memory loss and required hospitalization for almost a month. There is certainly a valid line of reasoning by which, when viewed objectively, a rational person could conclude that the degree of risk of defendant’s actions was so great that it created a very substantial risk of death (see, People v Russell, 91 NY2d 280, 287-288).
*248 Defendant’s related argument, that the trial court instructed the jury to consider only the stabbing as to the reckless endangerment count, is incorrect. True, courts must review the sufficiency of the evidence in light of the law on which the jury was instructed. However, in this case we need not and do not decide whether the stabbing alone could be considered depraved indifference because the court did not limit the jury to an assessment of defendant’s conduct. Instead, it instructed the jury — without objection from defendant — to consider “all the evidence in the case” as well as the actions of the defendant “either alone or acting in concert with others.”
Finally, there is no merit in defendant’s contention that the trial court committed reversible, statutory error by denying challenges for cause to remove two allegedly biased prospective jurors. As the dissent correctly points out, the two potential jurors — an avowed pacifist who would not agree to follow the court’s instructions, and a student intern employed at the prosecuting agency’s office — should have been dismissed for cause (People v Johnson, 94 NY2d 600). Defendant should not have had to use two of his peremptory challenges, as he did, to remove those jurors. However, erroneous denial of a challenge for cause “does not constitute reversible error unless the defendant has exhausted his peremptory challenges at the time or, if he has not, he peremptorily challenges such prospective juror and his peremptory challenges are exhausted before the selection of the jury is complete” (CPL 270.20 [2]; see, People v Culhane, 33 NY2d 90, 97 [noting that CPL 270.20 codified the common-law rule that required exhaustion of peremptory challenges in order to have aggrievement]; People v Casey, 96 NY 115, 123 [if a defendant has not yet exhausted all peremptory challenges, it could well be said that defendant has not been harmed, but where, by the erroneous rulings of the court, a defendant is obliged to exhaust all peremptory challenges, it is clear that defendant is harmed and may raise the issue on appeal]).
As the record before us shows, after a juror was challenged peremptorily by defendant — using his fifteenth challenge — the following exchange took place:
“the court: You have one more left.
“the court clerk: This is the last one, okay?
“[defense counsel]: Okay.”
Defendant was unambiguously given, and declined to use, an additional challenge. After the questioning of the twelfth prospective juror, the following occurred:
*249 “the court: For cause?
“[the prosecutor]: No.
“the court: For cause?
“[defense counsel]: No.
“the court: Perempt?
“[the prosecutor]: No.
“the court: Perempt?
“[defense counsel]: No.
“the court clerk: That’s it, number twelve.”
In that defendant failed to exhaust his peremptory challenges, the statutory criteria for reversible error were not met.* Defendant urges that the mandate of CPL 270.20 (2) should not be followed in this case because the unused peremptory challenge was mistaken or unauthorized. Mistaken or not, the challenge was explicitly made available to defendant, and it remained on the table at the completion of jury selection. Any confusion or objection defendant may have had should have been voiced at the time. Instead, defendant signaled only acquiescence, implying his satisfaction with the jury as constituted. Defendant’s remaining argument is without merit.
Accordingly, the order of the Appellate Division should be affirmed.

 The dissent’s reliance on People v Butts (140 AD2d 739, 739-740) is misplaced. Butts holds that a defendant who has exhausted all peremptory challenges and is dissatisfied with the jury has no affirmative duty to state such dissatisfaction on the record to preserve the issue for review. Butts is inapplicable here, because defendant did not exhaust his challenges. There is, moreover, nothing to support the dissent’s speculation that the trial court added a peremptory challenge in order to avoid reversal for prior rulings (dissenting opn, at 253).