Smith, J.
(dissenting). The trial court denied two of the defendant’s challenges for cause of prospective jurors who should have been excused, and the defendant exhausted his peremptory challenges before the end of jury selection. Reversal was required and I, therefore, dissent.
Defendant contends that the trial court committed reversible error when it deprived him of his due process right to an impartial jury by denying his challenges for cause to remove two prospective jurors whose biases allegedly rendered them unfit to serve.
During voir dire, the first prospective juror expressly stated that the nature of complainant’s injuries would probably render *250 her incapable of submitting an impartial verdict based on the evidence adduced at trial. The juror further indicated that she could not assure the court that she would follow its instructions regarding the justification defense, but would “take it into consideration.” Because the trial court denied his request for removal, defendant exercised a peremptory challenge to excuse her from the case.
Defendant asserted a challenge for cause against another prospective juror on the grounds that she was a third-year law student interning at the Queens District Attorney’s Office, the prosecuting agency in this case. Because the law student assured the court that she could be an impartial juror despite her internship, the court denied defendant’s request. Consequently, defendant exercised another peremptory challenge to excuse this prospective juror.
On appeal to the Appellate Division, the defendant argued that both challenges for cause should have been granted. He argued further that since he exhausted his peremptory challenges prior to the end of jury selection, the conviction should be reversed and a new trial ordered. The People argued that the denials of the challenges were proper in both cases. They argued further that since the court granted an additional peremptory challenge to the defendant, he did not exhaust his peremptory challenges.
Both jurors should have been excluded because one demonstrated actual bias and the other was employed by the office prosecuting the defendant. Courts should grant challenges for cause when the prospective juror demonstrates actual bias or inability to render impartial service and does not unequivocally indicate an ability to render an impartial verdict based on the evidence (People v Johnson, 94 NY2d 600, 610). Courts should also grant a challenge for cause where a prospective juror “bears some * * * relationship to any * * * person [e.g., the defendant or either counsel] of such nature that it is likely to preclude him from rendering an impartial verdict” (CPL 270.20 [1] [c]; People v Branch, 46 NY2d 645, 649-650).
The first prospective juror did not provide any of the necessary assurances that she was capable of setting aside her beliefs for the purposes of this case. Likewise, the second prospective juror had professional ties with the office of the prosecutor trying the case, creating an appearance of impropriety.
The defendant and the People differ as to whether the court granted an additional challenge to the defendant. Prior to the *251 defendant’s exercise of his last peremptory challenge, the following exchange occurred:
“the court: For cause?
“ms. schwab: None.
“the court: For cause?
“ms. byrne: No.
“the court: Perempt?
“ms. schwab: No.
“the court: Perempt?
“ms. byrne: Yes.
“the court: You have one more left.
“the court clerk: This is the last one, Okay?
“ms. byrne: Okay.”
After the questioning of a twelfth prospective juror, the following occurred:
“the court: For cause?
“ms. schwab: No.
“the court: For cause?
“ms. byrne: No.
“the court: Perempt?
“ms. schwab: No.
“the court: Perempt?
“ms. byrne: No.
“the court clerk: That’s it, number twelve.”
The defendant contends that when the court stated to the defense attorney that he had one challenge left after he exercised his last statutory challenge, the Court Clerk promptly stated that he had used his last challenge. Defendant argues that no additional challenge was given when, after questioning of an additional juror, the court asked both sides if they wished to exercise a peremptory challenge. The People argue that the foregoing exchange indicates that the court gave to defendant an additional peremptory challenge which he did not exercise. The People also argue that the denial of the challenge to the prospective juror who was working for the office of the District Attorney was proper. The Appellate Division did not specifically address whether the challenges for cause were properly denied.
Reversal is required because the defendant exercised all of the peremptory challenges afforded to him by the law prior to *252 the end of jury selection. CPL 270.20 (2) states, in relevant part, that “[a]n erroneous ruling by the court denying a challenge for cause by the defendant does not constitute reversible error unless the defendant has exhausted his peremptory challenges * * * before the selection of the jury is complete.” Although defendant exhausted his statutorily allotted 15 peremptory challenges before the last juror was seated (see, CPL 270.25 [2]), the court informed defendant that he had one challenge remaining. The Court Clerk immediately informed the defendant that he had exhausted his challenges. The court never made clear to the defendant that he was granting a challenge in addition to that required by law. Defendant was not obligated to state on the record that he had exhausted all of his peremptory challenges and was dissatisfied with the jury before asserting the rights granted by CPL 270.20 (2) (see, People v Butts, 140 AD2d 739, 739-740).
Moreover, even if it is assumed that defendant declined to exercise this additional peremptory challenge, the court was not authorized to give the challenge in these circumstances. It is contrary to the plain words and the intent of CPL 270.20 (2) to circumvent its explicit commands by a last second offer of an additional peremptory challenge for a prospective juror that the defendant does not seek to challenge for cause.
Moreover, our precedents require reversal here. In People v Culhane (33 NY2d 90, 97), in reversing a conviction for failure of the trial court to grant challenges for cause, we stated:
“Although the veniremen did not sit on the jury, because the defendants exercised peremptory challenges, this is of no consequence. It is well settled that an erroneous ruling by the court, denying a challenge for cause, constitutes reversible error when the defendant peremptorily challenges the prospective juror and his peremptory challenges are exhausted before the jury selection process is complete (People v. Casey, 96 N. Y. 115, 123; People v. Flaherty, 162 N. Y. 532, 537, 538). This rule of long standing, derived from the common law, has recently been codified in CPL 270.20 (subd. 2). Here of course the defendants’ peremptory challenges were exhausted before the jury selection was complete.”
Finally, while this Court has approved an increase in the number of peremptory challenges where the nature of the crime *253 and the number of defendants warrant the increase,* it was an abuse of discretion to give an extra challenge in this case after 11 jurors had been selected and the defendant had used all of his peremptory challenges. This Court should not hold that once a defendant has exhausted all of his or her peremptory challenges, reversal can be voided simply by granting one additional challenge without some compelling necessity.
Accordingly, I would reverse and grant the defendant a new trial.
Judges Levine, Ciparick, Wesley and Rosenblatt concur with Chief Judge Kaye; Judge Smith dissents and votes to reverse in a separate opinion.
Order affirmed.

 See, People v Anthony (24 NY2d 696, 703 [defendant not prejudiced by being given 30 instead of 20 peremptory challenges when he and a codefendant were being tried jointly for murder]).