*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 22, 2015                   106433
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,
         v                              MEMORANDUM AND ORDER

STEPHEN H. BEDARD,
                    Appellant.
_____


Calendar Date:   September 9, 2015

Before:   Peters, P.J., Lahtinen, Garry and Rose, JJ.

                    _____


        Paul J. Connolly, Delmar, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Nicholas
J. Evanovich of counsel), for respondent.

                    _____


Lahtinen, J.

        Appeal from a judgment of the County Court of Clinton
County (Lawliss, J.), rendered September 23, 2013, upon a verdict
convicting defendant of the crime of criminal possession of
stolen property in the fifth degree.

        Defendant, an operating room scrub technician, removed a
partially used propofol vial from a surgical cart at the hospital
where he was employed and then withdrew the propofol into a
syringe.  Later that evening, he poked his wife's foot with the
syringe as she slept on a couch in what he claimed was an attempt
to wake her.  Defendant's wife took the syringe and, with the
help of her brother, who was a State Police investigator,
determined that it contained 9.6 milligrams of propofol.
Thereafter, defendant was indicted for attempted assault in the

second degree and criminal possession of stolen property in the fifth degree. A jury convicted him of the stolen property charge, but acquitted him of the attempted assault charge. Defendant was sentenced to one year in jail and now appeals.

Legally sufficient proof supported defendant's conviction and, after weighing the proof in the record, we are unpersuaded by his contention that the jury's verdict was against the weight of the evidence. We do, however, find merit in his argument that the denial of his challenge for cause to a prospective juror constituted reversible error. A statement by a potential juror suggesting a possible bias can be cured, and the juror not excused, if the juror "provide[s] 'unequivocal assurance that [he or she] can set aside any bias and render an impartial verdict based on the evidence'" (People v Nicholas, 98 NY2d 749, 751-752 [2002], quoting People v Johnson, 94 NY2d 600, 614 [2000]). However, where, as here, the challenge for cause involves a juror's relationship with a trial participant, a so-called "implied bias" may be implicated which "requires automatic exclusion from jury service regardless of whether the prospective juror declares that the relationship will not affect [his or] her ability to be fair and impartial" (People v Furey, 18 NY3d 284, 287 [2011] [internal quotation marks and citations omitted]; see People v Rentz, 67 NY2d 829, 831 [1986]; People v Branch, 46 NY2d 645, 650-651 [1979]). Of course, "[n]ot all relationships . . . require disqualification . . . [and] [t]he frequency of contact and nature of the parties' relationship are to be considered in determining whether disqualification is necessary" (People v Furey, 18 NY3d at 287). As a practical matter, "the trial court should lean toward disqualifying a prospective juror of dubious impartiality" (People v Branch, 46 NY2d at 651; see People v Arnold, 96 NY2d 358, 362 [2001]).

Here, during voir dire, juror no. 3372 stated that her family was "good friends" with the family of the District Attorney. She added that she socialized with the District Attorney, including having him and his wife as dinner guests at her home, and she and her husband had dined as guests at the District Attorney's home. County Court nonetheless denied defendant's challenge for cause as to such juror. In People v Clark (125 AD2d 868 [1986], lv denied 69 NY2d 878 [1987]), we

reversed a judgment where the trial court denied the defendant's challenge for cause to a juror who was personal friends with that District Attorney, even though, as here, an Assistant District Attorney was prosecuting the case and the juror indicated that the relationship would not influence her verdict (id. at 869-870).  In light of such precedent, and noting that defendant exhausted his peremptory challenges before selection of the jury was complete (see CPL 270.20 [2]; People v Lynch, 95 NY2d 243, 248 [2000]), defendant's conviction must be reversed and a new trial conducted (see People v Smith, 52 AD3d 847, 847-848 [2008]; People v Clark, 125 AD2d at 869-870).  The remaining argument is academic.

Peters, P.J., Garry and Rose, JJ., concur.


ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Clinton County for a new trial.



ENTER:

Robert D. Mayberger
Clerk of the Court