# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1047**

**KA 14-02296**

PRESENT: CARNI, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                V                                 MEMORANDUM AND ORDER

TODD M. COLLINS, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered December 15, 2014. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on the first count of the indictment.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of sexual abuse in the first degree (Penal Law § 130.65 [3]). We agree with defendant that the conviction must be reversed because County Court erroneously denied his challenge for cause to a prospective juror whose son is married to the daughter of the District Attorney of Ontario County, R. Michael Tantillo, and who has a grandchild in common with the District Attorney. Contrary to the People's contention, defendant's challenge is preserved for our review inasmuch as he challenged the prospective juror based upon "basically the whole Tantillo connection." We further note that, following the denial of the challenge for cause, defendant exercised a peremptory challenge against the prospective juror and later exhausted his peremptory challenges before the completion of jury selection (*see* CPL 270.20 [2]; *People v Lynch*, 95 NY2d 243, 248). We conclude that the prospective juror should have been excused from service for cause on the ground that he bears a "relationship to [the District Attorney] of such nature that it [was] likely to preclude him from rendering an impartial verdict" (CPL 270.20 [1] [c]; *see People v Branch*, 46 NY2d 645, 651-652; *People v Bedard*, 132 AD3d 1070, 1071; *People v Clark*, 125 AD2d 868, 869-870, *lv denied* 69 NY2d 878).

We also agree with defendant that reversal is required because the court erred in excluding testimony from a defense witness that the victim had said that she did not "think [defendant] did this," meaning

that defendant did not commit the alleged crime.  We conclude that, on cross-examination of the victim, defense counsel had laid an adequate foundation for the admission of that prior inconsistent statement by eliciting testimony that the victim had never discussed the matter with the defense witness and had never told the defense witness that the alleged occurrence "between [her] and [defendant] might not have happened" (*see People v Bradley*, 99 AD3d 934, 936-937; *see also People v Duncan*, 46 NY2d 74, 80-81, *rearg denied* 46 NY2d 940, *cert denied* 442 US 910, *rearg dismissed* 56 NY2d 646; *see generally People v Concepcion*, 175 AD2d 324, 327, *lv denied* 78 NY2d 1010).

Contrary to defendant's further contention, however, the court did not err in refusing to preclude evidence of certain details that were allegedly included in defendant's oral statement to the police but that were omitted from the CPL 710.30 notice.  Such notice need not be a "verbatim report of the complete oral statement[s]" of defendant (*People v Moss*, 89 AD3d 1526, 1528, *lv denied* 18 NY3d 885 [internal quotation marks omitted]), but merely must set forth the "sum and substance" of such statements (*People v Arroyo*, 111 AD3d 1299, 1300, *lv denied* 23 NY3d 960 [internal quotation marks omitted]). Moreover, because defendant moved to suppress all of his statements to the police and the court denied that motion after a hearing, any deficiencies in the CPL 710.30 notice are immaterial and cannot result in preclusion (*see* CPL 710.30 [3]; *People v Mikel*, 303 AD2d 1031, 1031, *lv denied* 100 NY2d 564; *People v Ginty*, 299 AD2d 922, *lv denied* 99 NY2d 582).  In light of our determination, we need not reach defendant's remaining contentions.

Entered:  December 23, 2016

Frances E. Cafarell
Clerk of the Court