People v Major (2019 NY Slip Op 09361)





People v Major


2019 NY Slip Op 09361


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Singh, González, JJ.


10638 1263/15

[*1] The People of the State of New York, Respondent,
v
Edward Major, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered January 5, 2017, convicting defendant, after a jury trial, of robbery in the first and second degrees, burglary in the first degree (two counts), attempted assault in the first degree (two counts), assault in the second degree (two counts), attempted assault in the second degree and assault in the third degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 52 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing all life sentences to 20 years to life and directing that all sentences be served concurrently, resulting in a new aggregate term of 20 years to life, and otherwise affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The jury was justified in concluding that defendant was not so intoxicated as to be unable to form the requisite intent for the crimes of which he was convicted (see Penal Law § 15.25; People v McCray, 56 AD3d 359 [1st Dept 2008], lv denied 12 NY3d 760 [2009]). There is no basis for disturbing the jury's credibility determinations. The objective evidence bearing on the degree of defendant's intoxication only demonstrated that defendant smelled of alcohol and had bloodshot eyes, but did not stumble, slur his words, or have trouble understanding or responding to questions. In addition, defendant's testimony about the huge amount of alcohol he purportedly drank was incompatible with the medical evidence in the record.
The court providently exercised its discretion in precluding evidence that, on the night of his arrest for the crimes at issue, defendant identified himself on a surveillance videotape depicting another robbery. This evidence was offered under the theory that defendant is not the person in the video, and that his alleged misidentification of himself was relevant to the level of his intoxication at the time. However, the video, and the surrounding circumstances, were inconclusive as to whether defendant was, in fact the person depicted. Accordingly, the proffered evidence was only marginally relevant and raised collateral issues (see People v Smith, 303 AD2d 206 [1st Dept 2003], lv denied 100 NY2d 543 [2003]). Defendant failed to preserve his constitutional argument for introducing this evidence, and only raised a question of state evidentiary law (see People v Lane, 7 NY3d 888, 889 [2006]; see also Smith v Duncan, 411 F3d 340, 348-349 [2d Cir 2005]). We decline to review his unpreserved constitutional claim in the interest of justice. As an alternative holding, we reject it on the merits (see Crane v Kentucky, 476 US 683, 689-690 [1986]).
Defendant's argument that the trial court should have granted his challenge for cause to a prospective juror is foreclosed because defendant failed to exhaust all the peremptory challenges available to him (see CPL 270.20[2]), notwithstanding that he was mistakenly afforded additional challenges (see People v Lynch, 95 NY2d 243, 249 [2000]; People v Ramos, 13 AD3d 321, 321 [1st Dept 2004], lv denied 4 NY3d 890 [2005]).
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK