People v Labell (2021 NY Slip Op 05417)





People v Labell


2021 NY Slip Op 05417


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


671 KA 18-00919

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DALE LABELL, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
TODD J. CASELLA, DISTRICT ATTORNEY, PENN YAN (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Yates County Court (Jason L. Cook, J.), rendered August 22, 2017. The judgment convicted defendant upon a nonjury verdict of sexual abuse in the first degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a nonjury trial of sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (§ 260.10 [1]), defendant contends that the sexual abuse count of the indictment was rendered duplicitous by the victim's trial testimony. Defendant failed to preserve that contention for our review (see People v Allen, 24 NY3d 441, 449-450 [2014]; People v Martin, 175 AD3d 1798, 1799 [4th Dept 2019], lv denied 34 NY3d 1017 [2019]). In any event, County Court identified the potentially duplicitous nature of the victim's testimony, and when rendering its verdict the court stated that it disregarded the testimony about the uncharged sexual abuse. There is thus no danger that defendant was convicted of an unindicted crime.
Defendant further contends that the evidence is legally insufficient to establish that he subjected the victim to sexual contact because the People presented no eyewitness testimony of the sexual contact other than that of the victim. That contention is unpreserved for our review inasmuch as "it was not specifically raised in support of defendant's motion for a trial order of dismissal" (People v Beard, 100 AD3d 1508, 1509 [4th Dept 2012]; see generally People v Gray, 86 NY2d 10, 19 [1995]). Regardless, there is no requirement that the testimony of a sexual assault victim be corroborated by eyewitness testimony. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), as we must, we conclude that there is a valid line of reasoning and permissible inferences from which the court could have found the elements of the crimes proved beyond a reasonable doubt (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
With respect to defendant's challenge to the weight of the evidence, this case turned largely on the credibility of the victim and defendant, who also testified at trial. The court stated that it found the victim "credible and worthy of belief," and that defendant had "apparent selective memory" and offered "inconsistent testimony." "[T]hose who see and hear the witnesses can assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record" and we perceive no basis in the record for us to substitute our credibility determinations for those of the court (People v Imes, 107 AD3d 1577, 1578 [4th Dept 2013]). Viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although a different verdict would not have been unreasonable, it cannot be said that the court failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court