People v Kilgore (2022 NY Slip Op 01709)





People v Kilgore


2022 NY Slip Op 01709


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, AND CURRAN, JJ.


1146 KA 19-02253

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KYLE KILGORE, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered June 19, 2019. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the third degree (two counts), sexual abuse in the third degree (two counts), endangering the welfare of a child (two counts) and perjury in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of criminal sexual act in the third degree under count one of the indictment, sexual abuse in the third degree under counts three and four of the indictment and endangering the welfare of a child under counts six and eight of the indictment, and dismissing counts three, four, six and eight of the indictment, and as modified the judgment is affirmed and a new trial is granted on count one of the indictment.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of criminal sexual act in the third degree (Penal Law § 130.40 [2]), two counts of sexual abuse in the third degree (§ 130.55), two counts of endangering the welfare of a child (§ 260.10 [1]), and one count of perjury in the first degree
(§ 210.15). Defendant contends that the verdict is against the weight of the evidence. We reject that contention. In performing a weight of the evidence review, this Court essentially sits as a thirteenth juror, and we must "weigh the evidence in light of the elements of the crime[s] as charged to the other jurors" (People v Danielson, 9 NY3d 342, 349 [2007]). Here, viewing the evidence in light of the elements of the abovementioned crimes as charged to the jury (see id.), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "Although a different result would not have been unreasonable, the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded" (People v Dame, 144 AD3d 1625, 1626 [4th Dept 2016], lv denied 29 NY3d 948 [2017] [internal quotation marks omitted]; see People v Labell, 198 AD3d 1352, 1353-1354 [4th Dept 2021], lv denied 37 NY3d 1147 [2021]).
However, we agree with defendant that County Court abused its discretion in curtailing defendant's cross-examination of a police detective who took a statement from the victim. " 'Once a proper foundation is laid, a party may show that an adversary's witness has, on another occasion, made oral or written statements which are inconsistent with some material part of the trial testimony, for the purpose of impeaching the credibility and thereby discrediting the testimony of the witness' " (People v Bradley, 99 AD3d 934, 936 [2d Dept 2012]; see People v Duncan, 46 NY2d 74, 80 [1978], rearg denied 46 NY2d 940 [1979], cert denied 442 US 910 [1979], rearg dismissed 56 NY2d 646 [1982]; People v Collins, 145 AD3d 1479, 1480 [4th Dept 2016]). "To lay the foundation for contradiction, it is necessary to ask the witness specifically whether he [or she] has made such statements; and the usual and most accurate mode of examining the contradicting witness, is to ask the precise question put to the principal witness" [*2](Sloan v New York Cent. R.R. Co., 45 NY 125, 127 [1871]; see Bradley, 99 AD3d at 936). Here, defendant laid a proper foundation by eliciting testimony from the victim that was inconsistent with the detective's written report purporting to record the victim's statement, and the court therefore should have permitted cross-examination of the detective regarding that inconsistency (see Collins, 145 AD3d at 1480; People v Mullings, 83 AD3d 871, 872 [2d Dept 2011], lv denied 17 NY3d 904 [2011]).
The People contend that any error in excluding the testimony is harmless. We agree with the People only in part. Where, as here, the error is constitutional in nature (see generally People v Hudy, 73 NY2d 40, 57 [1988], abrogated on other grounds by Carmell v Texas, 529 US 513 [2000]), the People must establish "that there is no reasonable possibility that the error might have contributed to defendant's conviction and that it was thus harmless beyond a reasonable doubt" (People v Crimmins, 36 NY2d 230, 237 [1975]). The testimony of the victim was the only direct evidence supporting count one of the indictment, charging criminal sexual act in the third degree, counts three and four of the indictment, charging sexual abuse in the third degree, and counts six and eight of the indictment, charging endangering the welfare of a child. We conclude that the admissible evidence of guilt with respect to those counts is not overwhelming, and that there is a reasonable possibility that the error in curtailing defense counsel's cross-examination of the detective may have contributed to defendant's conviction. We therefore modify the judgment by reversing those parts convicting defendant under counts one, three, four, six, and eight of the indictment (see generally People v Purdy, 106 AD3d 1521, 1523 [4th Dept 2013]), and by dismissing counts three, four, six, and eight of the indictment inasmuch as those are misdemeanor counts and defendant has already completed the sentence imposed on them (see People v Smouse, 160 AD3d 1353, 1356 [4th Dept 2018]), and we grant a new trial on count one of the indictment (see Collins, 145 AD3d at 1480).
We reach a different conclusion, however, with respect to counts two and nine of the indictment, charging criminal sexual act in the third degree and perjury in the first degree, respectively, inasmuch as the victim's testimony concerning those counts was supported by DNA evidence. With respect to those two counts, we conclude that the court's error in curtailing defense counsel's cross-examination of the detective is harmless inasmuch as the evidence of guilt is overwhelming and there is no reasonable possibility that the erroneous exclusion of testimony contributed to defendant's conviction (see Crimmins, 36 NY2d at 237; see generally Purdy, 106 AD3d at 1523-1524).
We further conclude that the sentence is not unduly harsh or severe. Finally, we have reviewed defendant's remaining contentions and conclude they do not warrant reversal or further modification of the judgment.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court