People v Gray
2026 NY Slip Op 03547
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAIQUIN GRAY, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
279 KA 23-01417
Present: Bannister, J.P., Montour, Greenwood, And Hannah, JJ.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered July 6, 2023. The judgment convicted defendant upon a jury verdict of murder in the second degree, robbery in the first degree and criminal possession of a weapon in the second degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3]), robbery in the first degree (§ 160.15 [1]), and criminal possession of a weapon in the second degree (§ 265.03 [3]). We reject defendant's contention that the evidence is legally insufficient to establish his identity as the shooter. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence with respect to the issue of identity is legally sufficient (see People v Bleakley, 69 NY2d 490, 495 [1987]). Moreover, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence on the issue of identity (see generally Bleakley, 69 NY2d at 495). Defendant's codefendant identified him as the perpetrator, and defendant's ex-girlfriend testified that defendant admitted that he killed the victim. Defendant contends that those two witnesses were unreliable, but it is well settled that "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (People v Witherspoon, 66 AD3d 1456, 1457 [4th Dept 2009], lv denied 13 NY3d 942 [2010] [internal quotation marks omitted]). Indeed, the fact that the codefendant testified pursuant to a cooperation agreement merely raised a credibility issue for the jury to resolve (see People v Johnson, 176 AD3d 1392, 1393-1394 [3d Dept 2019], lv denied 34 NY3d 1129 [2020]; People v Spagnuolo, 173 AD3d 1832, 1834 [4th Dept 2019], lv denied 34 NY3d 954 [2019]; People v Carr, 99 AD3d 1173, 1174 [4th Dept 2012], lv denied 20 NY3d 1010 [2013]); the same applies with respect to the fact that defendant's ex-girlfriend was his estranged intimate partner (see People v Fomby, 101 AD3d 1355, 1356 [3d Dept 2012]). Although a different verdict would not have been unreasonable, the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495; People v Kilgore, 203 AD3d 1634, 1634-1635 [4th Dept 2022], lv denied 38 NY3d 1134 [2022]; People v Davis, 115 AD3d 1167, 1168-1169 [4th Dept 2014], lv denied 23 NY3d 1019 [2014]).
Defendant next contends that improper and inflammatory testimony of the ex-girlfriend violated his right to a fair trial. Supreme Court sustained defendant's objection to the testimony concerning his prior criminal activity and issued a prompt curative instruction, which alleviated the prejudice to defendant (see People v Smith, 229 AD3d 1110, 1111-1112 [4th Dept 2024], lv denied 42 NY3d 1037 [2024]; People v O'Neal, 38 AD3d 1305, 1307 [4th Dept 2007], lv denied 9 NY3d 848 [2007]). We therefore reject defendant's contention that he was denied a fair trial [*2](see People v Cutaia, 167 AD3d 1534, 1535-1536 [4th Dept 2018], lv denied 33 NY3d 947 [2019]) and, contrary to his further contention, defense counsel's failure to move for a mistrial does not constitute ineffective assistance inasmuch as such a motion would have had little or no chance of success (see People v Harvey, 235 AD3d 1243, 1244-1245 [4th Dept 2025], lv denied 43 NY3d 963 [2025]; see generally People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]; People v Houghtaling, 144 AD3d 1591, 1591-1592 [4th Dept 2016], lv denied 29 NY3d 949 [2017], reconsideration denied 30 NY3d 950 [2017]).
Defendant's contention that he was deprived of a fair trial by prosecutorial misconduct during opening remarks and on summation is unpreserved for our review (see People v Nesmith, 242 AD3d 1564, 1565 [4th Dept 2025], lv denied 44 NY3d 1067 [2026]). In any event, to the extent the prosecutor's remarks were improper, they were "not so pervasive or egregious as to deprive defendant of a fair trial" (People v Elmore, 175 AD3d 1003, 1005 [4th Dept 2019], lv denied 34 NY3d 1158 [2020] [internal quotation marks omitted]; see People v Rodriguez, 236 AD3d 1306, 1307-1308 [4th Dept 2025], lv denied 43 NY3d 1058 [2025]; People v Bubis, 204 AD3d 1492, 1494-1495 [4th Dept 2022], lv denied 38 NY3d 1149 [2022]). Inasmuch as we conclude "that defendant was not denied a fair trial by prosecutorial misconduct
. . . , defendant was not denied effective assistance of counsel by defense counsel's failure to object to the allegedly improper remarks" (People v Hills, 234 AD3d 1311, 1314 [4th Dept 2025], lv denied 43 NY3d 963 [2025] [internal quotation marks omitted]; see People v Reynolds, 211 AD3d 1493, 1495 [4th Dept 2022], lv denied 39 NY3d 1079 [2023]).
The sentence is not unduly harsh or severe. We have considered defendant's remaining contention and conclude that it is without merit.
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court