■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PARAMORE, Appellant. [732 NYS2d 410] —Judgment, Supreme Court, Bronx County (Peter Benitez, J.), rendered September 27, 1999, convicting defendant, after a nonjury trial, of course of sexual conduct against a child in the first degree and endangering the welfare of a child, and sentencing him to concurrent terms of from 10 to 20 years and one year, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence, viewed as a whole, warranted the conclusion that defendant's course of sexual conduct against a child extended "over a period of time not less than three months in duration," as required by Penal Law § 130.75. Defendant had access to the child for seven months, and a fair reading of the child's testimony, in context, establishes that the sexual conduct began very early in that period and continued until it ended. Moreover, the child's reference to a change in weather during the course of conduct may be reasonably interpreted as indicating a change of seasons, not a change of weather from day to day.

The court properly permitted the six-year-old victim to testify under oath. The voir dire established that she understood the

nature and consequences of an oath (CPL 60.20 [2]), since she knew the difference between the truth and a lie and expected divine punishment if she lied (see, People v Nisoff, 36 NY2d 560, 565-566; People v Cordero, 257 AD2d 372, lv denied 93 NY2d 968; People v Shavers, 205 AD2d 395).

The court properly permitted the complainant to testify via closed circuit television pursuant to CPL article 65. The court relied on a combination of its own observations and the testimony of two witnesses, and the record supports its determination that the child witness would suffer severe mental or emotional harm if required to testify in defendant's presence. Contrary to defendant's contention, the requirements of article 65 were fully satisfied and expert testimony was not required, given the other evidence supporting the court's determination (see, People v Cintron, 75 NY2d 249, 265).

We perceive no basis for reduction of sentence. Concur—Rosenberger, J. P., Tom, Lerner, Rubin and Friedman, JJ.