**Robert PARAMORE, Petitioner–Appellant,**

v.

**Gary FILION, Superintendent, Coxsackie Correctional Facility, Respondent–Appellee.**

**No. 03–2615.**

United States Court of Appeals, Second Circuit.

April 2, 2004.

Michael J.Z. Mannheimer (Robert S. Dean), New York, NY, for Appellant, of counsel.

T. Charles Won, Assistant District Attorney (Stanley R. Kaplan and Joseph N. Ferdenzi, Assistant District Attorneys, Robert T. Johnson, District Attorney for Bronx County, on the brief), District Attorney's Office for Bronx County, Bronx, NY, for Appellee, of counsel.

PRESENT: FEINBERG, CABRANES and POOLER, Circuit Judges.

## SUMMARY ORDER

In October 1998, petitioner Robert Paramore was charged with one charge of course of sexual conduct against a child in the first degree and one charge of endangering the welfare of a child, in violation of N.Y. Penal Law §§ 130.75 and 260.10(1), respectively.[1] It was alleged that, between October 17, 1997 and April 30, 1998, petitioner engaged in two or more acts of sexual conduct with a child less than eleven years old, including at least one act of sexual intercourse, "deviate" sexual intercourse, or aggravated sexual conduct. Pe-

---

1. At all relevant times, New York Penal Law § 130.75 provided in pertinent part:

    A person is guilty of course of sexual conduct against a child in the first degree when, over a period of time not less than three months in duration, he ... engages in two or more acts of sexual conduct, which includes at least one act of sexual intercourse, deviate sexual intercourse or aggravated sexual contact, with a child less than eleven years old.

    N.Y. Penal L. § 130.75(a). And New York Penal Law § 260.10(1) provides:

    A person is guilty of endangering the welfare of a child when ... [h]e knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old or directs or authorizes such child to engage in an occupation involving a substantial risk of danger to his life or health....

    N.Y. Penal L. § 260.10(1).

titioner was convicted of both counts by the New York State Supreme Court, Bronx County, sitting without a jury, and he was sentenced to an indeterminate term of ten to twenty years' imprisonment.[2]

On direct appeal, petitioner asserted, among other things, that the State's evidence was insufficient to convict him of course of sexual conduct against a child in the first degree because the State had not proven that the conduct had occurred "over a period of time not less than three months in duration." N.Y. Penal L. § 130.75. The Appellate Division affirmed by opinion petitioner's conviction, see *People v. Paramore*, 288 A.D.2d 53, 732 N.Y.S.2d 410 (1st Dep't 2001), and the New York Court of Appeals denied petitioner's application for leave to appeal, see *People v. Paramore*, 97 N.Y.2d 759, 742 N.Y.S.2d 520, 769 N.E.2d 366 (2002). Petitioner thereafter sought habeas relief in the District Court below, raising again the sufficiency-of-the-evidence claim. By order dated August 13, 2003, the District Court dismissed the petition and declined to issue a certificate of appealability.[3] This Court granted a certificate of appealability on November 12, 2003.

Having reviewed the record and considered the arguments of the parties, we find that the Appellate Division's decision was not an unreasonable application of Supreme Court precedent. *See Williams v. Taylor*, 529 U.S. 362, 410–11, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Accordingly, the judgment of the District Court is hereby AFFIRMED.

---

2. Petitioner's sentence was based on his conviction of a course of sexual conduct against a child in the first degree. For his conviction of endangering the welfare of a child, the trial court imposed a sentence of one year of imprisonment, which merged with, and has been satisfied by, petitioner's service of the ten- to twenty-year term.

3. Although the District Court initially certified that any appeal of the order would not be taken in good faith, see *Paramore v. Filion*, 293 F.Supp.2d 285, 295 (S.D.N.Y.2003), it ultimately retracted that statement, after concluding, upon petitioner's motion for reconsideration, that the theory underlying petitioner's claim was not frivolous, see *Paramore v. Filion*, 293 F.Supp.2d 285, 296 (S.D.N.Y. 2003).