People v Hidalgo (2018 NY Slip Op 00094)





People v Hidalgo


2018 NY Slip Op 00094


Decided on January 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2018

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


5383 2956/13

[*1]The People of the State of New York, Respondent,
v
Jimmy Hidalgo, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (William B. Carney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered March 25, 2014, as amended April 17, 2014, convicting defendant, after a nonjury trial, of predatory sexual assault against a child and sexual abuse in the first degree, and sentencing him to an aggregate term of 20 years to life, unanimously affirmed.
Defendant's legal sufficiency claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. The evidence supported the conclusion that the underlying crime of course of sexual conduct extended over a period of not less than three months, as required by Penal Law § 130.75 (see People v Paramore, 288 AD2d 53 [1st Dept [2001], lv denied 97 NY2d 759 [2002]), in that this conduct began in 2007 and ended in 2011. The evidence also warranted the inference that defendant's behavior in the 2007 incident went far beyond merely holding a child on his lap, and that it established the elements of first-degree sexual abuse.
Defendant did not preserve his claim that the prosecutor's summation constructively amended the indictment and deprived defendant of fair notice of the charges, and we decline to review this claim in the interest of justice. As an alternative holding, we reject it on the merits. The predatory sexual assault count contained language that defendant's alleged sexual conduct "included at least one act of sexual intercourse and oral sexual conduct." Notwithstanding the use of conjunctive rather than disjunctive language, the People were not required to prove both sexual intercourse and oral sexual conduct (see People v Charles, 61 NY2d 321, 327-328 [1982]), and they were entitled to argue that oral conduct sufficed. Furthermore, defendant received all the notice required by law.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2018
CLERK