People v Delacruz (2021 NY Slip Op 02634)





People v Delacruz


2021 NY Slip Op 02634


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND TROUTMAN, JJ.


190 KA 18-00837

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MEMPHIS DELACRUZ, DEFENDANT-APPELLANT. 






ANTHONY J. LAFACHE, UTICA, FOR DEFENDANT-APPELLANT.
MEMPHIS DELACRUZ, DEFENDANT-APPELLANT PRO SE.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (EVAN A. ESSWEIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Matthew J. Doran, A.J.), rendered September 12, 2017. The judgment convicted defendant upon a jury verdict of robbery in the first degree (two counts), robbery in the second degree (two counts), burglary in the first degree (three counts), burglary in the second degree and assault in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts each of robbery in the first degree (Penal Law § 160.15 [2], [3]) and robbery in the second degree (§ 160.10 [1], [2] [a]). We affirm.
Contrary to defendant's contention in his main brief, viewing the evidence in the light most favorable to the People (see People v Williams, 84 NY2d 925, 926 [1994]), we conclude that the evidence is legally sufficient to establish his identity as one of the perpetrators of the crimes (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we also reject defendant's contention in his main brief that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Although defendant contends that the victim's testimony was not credible, we note that " '[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury' " (People v Carson, 122 AD3d 1391, 1393 [4th Dept 2014], lv denied 25 NY3d 1161 [2015]), and we see no reason to disturb the jury's resolution of those issues.
Contrary to defendant's further contention in his main brief, the charges against defendant and the codefendants were properly joined inasmuch as they were based upon a common scheme or plan (see CPL 200.40 [1] [b]; People v Wright, 166 AD3d 1022, 1023-1024 [2d Dept 2018], lv denied 32 NY3d 1211 [2019]). Moreover, the evidence against defendant and the codefendants was "supplied by the same eyewitness . . . , and . . . defendant's defense was by no means 'antagonistic' to that of the codefendant[s]" (Wright, 166 AD3d at 1024, citing People v Mahboubian, 74 NY2d 174, 186 [1989]).
Defendant's contention in his main brief that the People improperly failed to seek an advance ruling concerning the admissibility of evidence of defendant's involvement in a drug transaction is preserved for our review only insofar as it relates to the victim's testimony regarding that transaction; defense counsel failed to object to any such references made by the prosecution during opening statements (see People v Strauss, 147 AD3d 1426, 1426 [4th Dept 2017], lv denied 29 NY3d 1087 [2017], reconsideration denied 30 NY3d 953 [2017]). In any event, we reject that contention. "The court has discretion to admit evidence despite the failure of the People to provide advance notice of their intent to present such evidence . . . , particularly [*2]where[, as here,] the defendant [is] aware of the evidence" (People v MacLean, 48 AD3d 1215, 1215 [4th Dept 2008], lv denied 10 NY3d 866 [2008], reconsideration denied 11 NY3d 790 [2008]). Defendant's contention in his pro se supplemental brief that County Court erred in failing to give a limiting instruction with respect to that evidence is unpreserved for our review (see People v Couser [appeal No. 1], 126 AD3d 1419, 1420 [4th Dept 2015], affd 28 NY3d 368 [2016]).
Defendant also failed to preserve for our review the contention in his pro se supplemental brief that the court erred in sua sponte instructing the jury not to draw any adverse inference from defendant's failure to testify (see People v Robinson, 1 AD3d 985, 986 [4th Dept 2003], lv denied 1 NY3d 633 [2004], reconsideration denied 2 NY3d 805 [2004]). In any event, under the circumstances of this case, we conclude that the court did not abuse its discretion in giving that instruction (see People v Scully, 61 AD3d 1364, 1365 [4th Dept 2009], affd 14 NY3d 861 [2010]; see generally People v Vereen, 45 NY2d 856, 857 [1978]). Contrary to defendant's contention in his main brief, the sentence is not unduly harsh or severe.
We have considered defendant's remaining contentions in his pro se supplemental brief and conclude that none warrants modification or reversal of the judgment.
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court