People v Brown (2021 NY Slip Op 02916)





People v Brown


2021 NY Slip Op 02916


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., TROUTMAN, WINSLOW, AND BANNISTER, JJ.


364 KA 19-00204

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER C. BROWN, DEFENDANT-APPELLANT. 






LAW OFFICES OF TODD D. BENNETT, HERKIMER (ANTHONY R. ARCARO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JEFFREY S. CARPENTER, DISTRICT ATTORNEY, HERKIMER (MICHAEL T. JOHNSON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Herkimer County Court (John H. Crandall, J.), rendered January 3, 2019. The judgment convicted defendant upon a jury verdict of course of sexual conduct against a child in the first degree (two counts) and endangering the welfare of a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]) and endangering the welfare of a child (§ 260.10 [1]). Defendant contends that he received ineffective assistance of counsel based on defense counsel's failure to object to the testimony of the child victims. We reject that contention inasmuch as any objection to that testimony had " 'little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]; see People v Johnson, 136 AD3d 1338, 1339 [4th Dept 2016], lv denied 27 NY3d 1134 [2016]). County Court did not err in allowing the ten-year-old victim to provide sworn testimony (see CPL 60.20 [2]; People v Mann, 41 AD3d 977, 980 [3d Dept 2007], lv denied 9 NY3d 924 [2007]) and the six-year-old victim to provide unsworn testimony (see People v Lane, 160 AD3d 1363, 1364 [4th Dept 2018]). We conclude that defendant's remaining allegations of ineffective assistance of counsel are without merit inasmuch as defendant has not " 'demonstrate[d] the absence of strategic or other legitimate explanations for [defense] counsel's alleged shortcomings' " (People v Hogan, 26 NY3d 779, 785 [2016], quoting People v Benevento, 91 NY2d 708, 712 [1998]).
Because defendant did not renew his motion for a trial order of dismissal after presenting evidence, he failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of two counts of course of sexual conduct against a child (see People v Carrasquillo, 71 AD3d 1591, 1591 [4th Dept 2010], lv denied 15 NY3d 803 [2010]). In any event, defendant's contention is without merit. A "fair reading of the testimony [of the child victims], in context, establishes that the sexual conduct" occurred over a period of at least three months (People v Paramore, 288 AD2d 53, 53 [1st Dept 2001], lv denied 97 NY2d 759 [2002]; see Matter of Anthony R., 56 AD3d 326, 327 [1st Dept 2008]). Moreover, we reject defendant's further contention that defense counsel's failure to renew the motion for a trial order of dismissal constituted ineffective assistance (see People v Washington, 60 AD3d 1454, 1455 [4th Dept 2009], lv denied 12 NY3d 922 [2009]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further reject defendant's contention that the verdict is against the weight of the evidence. " 'Jury resolution of credibility issues, particularly those involving sex-related conduct with a victim of tender years who may have difficulty recalling precise dates and times of the acts, will not be disturbed absent manifest error' " [*2](People v Arnold, 107 AD3d 1526, 1528 [4th Dept 2013], lv denied 22 NY3d 953 [2013]). We see no basis to disturb the jury's assessment of witness credibility (see People v Ruiz, 159 AD3d 1375, 1375 [4th Dept 2018]).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court