People v Perkins (2021 NY Slip Op 04422)





People v Perkins


2021 NY Slip Op 04422


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


93 KA 17-00042

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TONY PERKINS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered July 20, 2016. The judgment convicted defendant upon a jury verdict of rape in the third degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the third degree (Penal Law § 130.25 [2]) and endangering the welfare of a child (§ 260.10 [1]). We affirm.
Contrary to defendant's contention, County Court properly denied his motion to preclude identification testimony without holding either a Wade or a Rodriguez hearing. Initially, we conclude that the court did not err in refusing to hold a Wade hearing. "[A] court may summarily deny a Wade hearing (and hence no CPL 710.30 notice would be required) where the court concludes that, as a matter of law, the identifying, civilian witness knew the 'defendant so well that no amount of police suggestiveness could possibly taint the identification' " (People v Boyer, 6 NY3d 427, 432 [2006]). Here, the court did not err in determining that the witness in question, i.e., the complainant, who had dated defendant for approximately two months during which time she turned 15 years old, was so familiar with defendant that there was "little or no risk that police suggestion could lead to a misidentification" (People v Carter, 57 AD3d 1017, 1017 [3d Dept 2008], lv denied 12 NY3d 781 [2009] [internal quotation marks omitted]; see People v Rodriguez, 79 NY2d 445, 449 [1992]; People v Hines, 132 AD3d 1385, 1386-1387 [4th Dept 2015], lv denied 26 NY3d 1109 [2016]).
With respect to whether the court should have held a Rodriguez hearing, we note that, in general, a trial court must hold an evidentiary hearing before making the determination that defendant is so well known to a witness that " 'suggestiveness' is not a concern" (People v Gissendanner, 48 NY2d 543, 552 [1979]; see Rodriguez, 79 NY2d at 453). Here, however, testimony from the first trial, which ended in a mistrial, established that there was "a mutual relationship" between defendant and the witness (Rodriguez, 79 NY2d at 453). Indeed, such testimony established that the two had engaged in sexual relations on several occasions, that the witness had introduced defendant to her mother, and that a police officer had observed the witness sitting and talking with defendant on a prior occasion. As a result, the court was not required to hold a Rodriguez hearing before making the determination that no Wade hearing was warranted (see id.; People v Carmona, 185 AD3d 600, 602 [2d Dept 2020]; see also People v Bennett, 292 AD2d 626, 626 [2d Dept 2002], lv denied 98 NY2d 729 [2002]).
We reject defendant's further contention that he was deprived of effective assistance of counsel because a nonlawyer participated in his trial. Where, as here, there was active participation by a licensed attorney throughout a defendant's trial, "a conviction should not be [*2]reversed in the absence of a showing of prejudice" arising from the participation of a nonlawyer (People v Jacobs, 6 NY3d 188, 190 [2005]). Inasmuch as defendant has not established any prejudice from the minor participation by the nonlawyer—a law school graduate who had passed the bar examination, was awaiting admission to the bar, and was working on the case pursuant to a limited practice order issued by this Court—we conclude that the nonlawyer's participation does not warrant reversal (see generally id. at 190-191).
Defendant next contends that certain evidence was admitted in violation of People v Molineux (168 NY 264 [1901]), i.e., testimony by the complainant that she and defendant used crack cocaine together, and testimony by a police investigator regarding defendant's statement that he had engaged in sex with numerous women. Contrary to defendant's contention, the testimony regarding drug use was not Molineux evidence, and thus its admission does not violate that exclusionary rule, "inasmuch as the evidence at issue related directly to a crime charged herein, i.e.," endangering the welfare of a child (People v Figueroa, 15 AD3d 914, 915 [4th Dept 2005]; see generally People v Hymes, 174 AD3d 1295, 1296 [4th Dept 2019], affd 34 NY3d 1178 [2020]; People v Frumusa, 29 NY3d 364, 370 [2017], rearg denied 29 NY3d 1110 [2017]). In addition, the evidence that defendant told a police investigator that he had engaged in sex with "so many women" was also not Molineux evidence. "Molineux analysis is limited to the introduction of a prior uncharged crime or a prior bad act. It should not be used to evaluate a prior consensual sexual act between adults" (People v Brewer, 28 NY3d 271, 276 [2016]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). It is well settled that "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (People v Witherspoon, 66 AD3d 1456, 1457 [4th Dept 2009], lv denied 13 NY3d 942 [2010] [internal quotation marks omitted]). Contrary to defendant's contention, the complainant's trial testimony "was not so inconsistent or unbelievable as to render it incredible as a matter of law" (People v Black, 38 AD3d 1283, 1285 [4th Dept 2007], lv denied 8 NY3d 982 [2007]), and we see no basis for disturbing the jury's credibility determinations in this case (see generally Bleakley, 69 NY2d at 495).
Defendant further contends that the trial evidence rendered count three of the indictment, i.e., the rape count of which he was convicted, duplicitous. Even assuming, arguendo, that defendant's request to the court to charge the jury with respect to the specific date of each offense charged in the indictment was sufficient to preserve for our review his contention (cf. People v Rivera, 257 AD2d 425, 425 [1st Dept 1999], lv denied 93 NY2d 901 [1999]), we reject it. Although the complainant described several incidents of sexual contact with defendant, she was "quite specific in describing the . . . distinct occasion[]" charged in the indictment with respect to count three, and thus "it was not 'nearly impossible to determine the particular act upon which the jury reached its verdict' as to [that] count[]" (People v Tomlinson, 53 AD3d 798, 799 [3d Dept 2008], lv denied 11 NY3d 835 [2008]; see People v Spencer, 119 AD3d 1411, 1412-1413 [4th Dept 2014], lv denied 24 NY3d 965 [2014]).
Defendant also contends that he was deprived of a fair trial based on several instances of prosecutorial misconduct. Contrary to defendant's contention, we conclude that "the prosecutor [did not] vouch for the credibility of the People's witnesses. Faced with defense counsel's focused attack on their credibility, the prosecutor was clearly entitled to respond by arguing that the witnesses had, in fact, been credible . . . An argument by counsel that his [or her] witnesses have testified truthfully is not vouching for their credibility" (People v Overlee, 236 AD2d 133, 144 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; see People v Roman, 85 AD3d 1630, 1632 [4th Dept 2011], lv denied 17 NY3d 821 [2011]). Additionally, after the court sustained defendant's objections to the prosecutor's comments about the complainant's state of mind, defendant failed to request curative instructions or move for a mistrial. Consequently, defendant failed to preserve for our review his contention that he was deprived of a fair trial by those comments (see People v Logan, 178 AD3d 1386, 1388 [4th Dept 2019], lv denied 35 NY3d 1028 [2020]; see generally People v Heide, 84 NY2d 943, 944 [1994]). In any event, we conclude that all of the prosecutor's challenged comments on summation "were 'either a fair response to defense counsel's summation or fair comment on the evidence' " (People v Easley, 124 AD3d 1284, 1285 [4th Dept 2015], lv denied 25 NY3d 1200 [2015]; see People v Doty, 161 AD3d 1511, 1513 [4th Dept 2018], lv denied 31 NY3d 1147 [2018]; People v Lewis, 154 AD3d 1329, [*3]1331 [4th Dept 2017], lv denied 30 NY3d 1106 [2018]). Furthermore, we reject defendant's contention that he was deprived of a fair trial because the prosecutor twice used the term "the victim" during voir dire. The use of the word victim was "so minimal in the context of the trial as a whole that we perceive no possibility that the presumption of innocence was undermined or that defendant was deprived of a fair trial" (People v Horton, 181 AD3d 986, 990 n 1 [3d Dept 2020], lv denied 35 NY3d 1045 [2020]).
Finally, the sentence is not unduly harsh or severe.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court