People v Garcia (2022 NY Slip Op 01348)





People v Garcia


2022 NY Slip Op 01348


Decided on March 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 3, 2022

110626
[*1]The People of the State of New York, Respondent,
v
Julio Garcia, Appellant.

Calendar Date:January 7, 2022

Before:Garry, P.J., Egan Jr., Aarons and Colangelo, JJ.

Tina Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered May 21, 2018, upon a verdict convicting defendant of the crimes of predatory sexual assault against a child and endangering the welfare of a child.
After trial on a three-count indictment, a jury found defendant guilty of predatory sexual assault against a child and endangering the welfare of a child. County Court sentenced defendant to a prison term of 21 years to life for the conviction of predatory sexual assault against a child and to a lesser concurrent term of incarceration on the other conviction. Defendant appeals.
As charged here, a person is guilty of predatory sexual assault against a child when, over a period of time not less than three months in duration and while he or she is at least 18 years old, he or she engages in two or more acts of sexual conduct, including at least one act of sexual intercourse, with a child less than 13 years old (see Penal Law § 130.96; see also Penal Law § 130.75 [1] [b]). The victim testified that during a specified period from 2011 through 2014, beginning when she was 10 years old and ending the day before she turned 13, defendant regularly engaged in sexual intercourse with her. She testified that this generally happened every two to three weeks, but she also detailed four specific incidents. As it is undisputed that defendant was well over 18 years old during the relevant time, the victim's testimony constituted legally sufficient evidence to support the convictions (see People v May, 188 AD3d 1309, 1310 [2020], lv denied 36 NY3d 974 [2020]).[FN1] As to the weight of the evidence, a different finding would not have been unreasonable had the jury believed defendant's testimony in which he denied any sexual conduct with the victim and provided an explanation for why she may have fabricated the allegations. Deferring to the jury's credibility determinations and considering the evidence that supported the victim's testimony, including DNA evidence linking defendant to sperm and seminal fluid on her bedding and in other specific locations where the victim indicated that they had intercourse, the jury's verdict is supported by the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony (see People v Patterson, 199 AD3d 1072, 1076 [2021], lv denied ___ NY3d ___ [Jan. 27, 2022]).
"Whether and to what extent prior convictions may be used on cross-examination of a defendant is a matter which rests in the sound discretion of the trial court after appropriately balancing the probative worth of the evidence as it relates to the defendant's credibility against the risk of unfair prejudice to the defendant, including whether it would discourage him or her from testifying" (People v Gannon, 174 AD3d 1054, 1059 [2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 980 [2019]). County Court reached a Sandoval compromise by precluding [*2]inquiry regarding three prior convictions but permitting the People to inquire whether defendant had been convicted of a felony in 1990, without mention of the underlying facts, the crime itself — assault in the first degree, which required that defendant intended to cause serious physical injury and actually caused injury by means of a weapon (see Penal Law § 120.10 [1]) — or that he was sentenced to a prison term of 2 to 6 years. Although the conviction was old, that crime is relevant to credibility as it reflects that defendant placed his interests above those of society (see People v Gannon, 174 AD3d at 1059). Defendant was not discouraged from testifying and the People's questioning on that topic was brief. Under the circumstances, we cannot conclude that County Court abused its discretion or that the court's ruling deprived defendant of a fair trial (see People v Hayes, 97 NY2d 203, 207-208 [2002]; People v Gannon, 174 AD3d at 1059; People v McCoy, 169 AD3d 1260, 1265 [2019], lv denied 33 NY3d 1033 [2019]). Even if that ruling did constitute an abuse of discretion, any such error was harmless (see People v Cole, 177 AD3d 1096, 1101-1102 [2019], lv denied 34 NY3d 1015 [2019]).
"[A] defendant's invocation of his or her right to counsel or right against self-incrimination cannot be used against him or her on the People's direct case" (People v Flower, 173 AD3d 1449, 1456 [2019], lv denied 34 NY3d 931 [2019]). When asked who attended his interview with defendant, a police investigator mentioned that defendant's attorney was present. Defendant did not exercise his right to remain silent nor did he cease questioning to obtain an attorney, as the attorney had accompanied him to the interview (compare People v Dashnaw, 85 AD3d 1389, 1392 [2011], lv denied 17 NY3d 815 [2011]; People v Hunt, 18 AD3d 891, 892-893 [2005]). Evidence of counsel's presence and the reading of Miranda rights pertained to the issue of voluntariness of defendant's statements, which the People were required to establish (see People v Huntley, 15 NY2d 72, 78 [1965] [noting that a defendant is entitled to challenge voluntariness of statements both pretrial and before a jury]; see also People v Sanza, 121 AD2d 89, 90-91, 97 [1986]). Additionally, as the People assert, it would have been permissible to play the video of the interview; this would have depicted counsel and even potentially highlighted her presence. In light of these circumstances, the brief mention of counsel's presence at the interview did not violate defendant's rights.
Defendant argues that he was deprived of effective assistance due to several errors by counsel. "To establish a claim of ineffective assistance of counsel, a defendant is required to come forward with proof that the attorney failed to provide meaningful representation and that there was no strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Sanchez, 196 AD3d 1010, 1013-1014 [2021] [internal quotation [*3]marks and citations omitted], lv denied 37 NY3d 1029 [2021]). Defendant asserts that counsel should have challenged the search warrants on particularity grounds. Counsel's omnibus motion sought suppression of physical evidence based on lack of probable cause. Although the suppression hearing was primarily focused on the ground raised, the hearing testimony seemed to support the warrants generally. We will not now second-guess counsel's decision in this regard (see id. at 1014).
Defendant contends that counsel should have objected to testimony regarding the victim's disclosures of abuse, as he asserts that they did not qualify as prompt outcries. The victim's disclosures to her sister may not have occurred shortly after the abuse began, but they were made during the period when the abuse was ongoing. Thus, counsel could have reasonably determined that such objections would have been unsuccessful. Defendant has not established that counsel lacked a strategy for failing to object to certain other testimony.
Counsel did raise some objections during the course of the People's summation, and most of what defendant now complains about is not particularly objectionable. As the People did not improperly invoke religion, any objection in that regard would have been unsuccessful. There does not appear to be any strategic reason for counsel's failure to object to the People's improper remark that the victim's future is uncertain due to defendant's abuse. However, considering counsel's representation in its totality, we do not find that defendant was denied the effective assistance of counsel (see People v Rudge, 185 AD3d 1214, 1217 [2020], lv denied 35 NY3d 1070 [2020]; People v Devictor-Lopez, 155 AD3d 1434, 1437 [2017]; People v Keller, 238 AD2d 758, 758-759 [1997]).
We have considered defendant's remaining arguments and find them unavailing.
Egan Jr., Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Although defendant does not challenge the sufficiency or weight of the evidence supporting his conviction of endangering the welfare of a child, this evidence supports both convictions.