People v Bonanza (2025 NY Slip Op 04365)

People v Bonanza

2025 NY Slip Op 04365

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, GREENWOOD, AND KEANE, JJ.

506 KA 24-01151

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY R. BONANZA, DEFENDANT-APPELLANT. 

ROSENBERG LAW FIRM, BROOKLYN (MORGAN NAMIAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
JEFFREY S. CARPENTER, DISTRICT ATTORNEY, HERKIMER (KAREN A. MOWERS OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Herkimer County Court (John H. Crandall, J.), rendered November 21, 2022. The judgment convicted defendant upon a jury verdict of sexual abuse in the first degree (two counts), criminal sexual act in the first degree, rape in the first degree and endangering the welfare of a child (four counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]), one count of criminal sexual act in the first degree (former § 130.50 [4]), one count of rape in the first degree (former § 130.35 [4]), and four counts of endangering the welfare of a child (§ 260.10 [1]).
Defendant contends that the evidence is legally insufficient to establish his guilt and that the verdict is against the weight of the evidence. We reject those contentions. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that "there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime[s] proved beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 349 [2007] [internal quotation marks omitted]). Moreover, viewing the evidence in light of the elements of the crimes as charged to the jury (see id.), we conclude that, even if a different verdict would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see People v Roche, 231 AD3d 1531, 1533 [4th Dept 2024], lv denied 42 NY3d 1081 [2025]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although defendant contends that the testimony of the victim was incredible as a matter of law, we note that "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (People v Delacruz, 193 AD3d 1340, 1341 [4th Dept 2021], lv denied 38 NY3d 926 [2022] [internal quotation marks omitted]; see People v Perkins, 196 AD3d 1107, 1109 [4th Dept 2021], lv denied 37 NY3d 1028 [2021]; People v Arnold, 107 AD3d 1526, 1528 [4th Dept 2013], lv denied 22 NY3d 953 [2013]), and we see no reason to disturb the jury's resolution of those issues.
Defendant further contends that he was deprived of a fair trial by the admission of certain expert testimony. In accordance with CPL 245.20 (1) (f), the People had disclosed to the defense the name of two experts and the report from the victim's medical examination, which showed that the victim had a healed laceration in her hymen, but the People neglected to turn over to defense counsel the curricula vitae and proficiency tests of those experts. Upon defendant's objection, County Court precluded one expert from testifying and held that the second expert, who actually conducted the medical examination, could provide only limited testimony. However, after defense counsel's opening statement in which she stated that the victim had been medically examined and that there was "[n]o indication of trauma," the court revisited its ruling [*2]and held that the second expert could give testimony regarding the examination. On appeal, defendant contends that the court abused its discretion in not precluding the testimony of the second expert and that the People offered testimony of the expert that was in violation of the court's ruling limiting her testimony. We reject that contention inasmuch as defendant "ignores the fact that he initially benefitted from a favorable ruling barring introduction of the [testimony regarding the examination], and then sought to utilize that ruling as a sword, to his advantage, by mischaracterizing [the victim's medical examination]" (People v Rojas, 97 NY2d 32, 36 [2001]; see People v Spellicy, 217 AD3d 1359, 1360 [4th Dept 2023], lv denied 41 NY3d 1021 [2024]; People v Duplessis, 16 AD3d 846, 847 [3d Dept 2005], lv denied 4 NY3d 853 [2005]).
Defendant's contention that he was denied a fair trial by prosecutorial misconduct on summation is not preserved for our review (see People v Brooks, 214 AD3d 1425, 1427 [4th Dept 2023], lv denied 39 NY3d 1153 [2023]; People v Cirino, 203 AD3d 1661, 1664 [4th Dept 2022], lv denied 38 NY3d 1132 [2022]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court