People v Young (2025 NY Slip Op 06452)

People v Young

2025 NY Slip Op 06452

Decided on November 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, GREENWOOD, NOWAK, AND KEANE, JJ.

800 KA 22-01214

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES YOUNG, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER, BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered March 25, 2022. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child. 
It is hereby ORDERED that the case is held, the decision is reserved, and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of predatory sexual assault against a child (Penal Law former § 130.96), arising from defendant's repeated sexual abuse of his girlfriend's daughter (child), who was 9 and 10 years old when the abuse allegedly occurred between June 2019 and mid-April 2020.
Defendant contends that County Court, in violation of People v Molineux (168 NY 264 [1901]), erred by permitting the People to elicit testimony from the girlfriend that, at defendant's direction, she too sexually abused the child and that she sent defendant videos and photos of that abuse upon defendant's demand. We reject that contention. The court properly concluded that the testimony did not constitute Molineux evidence, and thus its admission did not violate that exclusionary rule, inasmuch as it was "relevant to the very same crime for which . . . defendant
[was] on trial" (People v Frumusa, 29 NY3d 364, 370 [2017], rearg denied 29 NY3d 1110 [2017]; see People v Hymes, 174 AD3d 1295, 1296 [4th Dept 2019], affd 34 NY3d 1178 [2020]; People v Perkins, 196 AD3d 1107, 1108-1109 [4th Dept 2021], lv denied 37 NY3d 1028 [2021]). The court also properly concluded in the alternative that, even if the testimony constituted Molineux evidence, it was admissible inasmuch as it was "relevant to complete the narrative of the events charged in the indictment . . . and to provide necessary background information" (People v Morris, 21 NY3d 588, 594 [2013]; see generally People v Hu Sin, — NY3d &mdash, &mdash, 2025 NY Slip Op 03100, *2-4 [2025]), and "the probative value of the evidence outweigh[ed] the potential for prejudice to . . . defendant" (People v Leonard, 29 NY3d 1, 7 [2017]; see generally Hu Sin, — NY3d at &mdash, 2025 NY Slip Op 03100, *3).
Defendant next contends, and the dissent agrees, that the evidence is legally insufficient to establish that he perpetrated the charged acts of sexual conduct over a period of not less than three months in duration (see Penal Law former §§ 130.96, 130.75 [1] [b]). We reject that [*2]contention.
A verdict is legally sufficient when, viewing the facts in the light most favorable to the People, "there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 349 [2007] [internal quotation marks omitted]; see People v Kancharla, 23 NY3d 294, 302 [2014]). "A sufficiency inquiry requires a court to marshal competent facts most favorable to the People and determine whether, as a matter of law, a jury could logically conclude that the People sustained [their] burden of proof" (Danielson, 9 NY3d at 349; see Kancharla, 23 NY3d at 302). " 'This deferential standard is employed because the courts' role on legal sufficiency review is simply to determine whether enough evidence has been presented so that the resulting verdict was lawful' " (People v Li, 34 NY3d 357, 363 [2019]). "Importantly, [i]n determining the legal sufficiency of the evidence for a criminal conviction[,] we indulge all reasonable inferences in the People's favor, mindful that a jury faced with conflicting evidence may accept some and reject other items of evidence" (id. at 364 [internal quotation marks omitted]). "It is the 'province of the jury' to assess witness credibility . . . , and we therefore assume on a legal sufficiency review that the jury credited the People's witnesses" (id.; see People v Allen, 36 NY3d 1033, 1034 [2021]; People v Gordon, 23 NY3d 643, 649 [2014]; People v Hampton, 21 NY3d 277, 288 [2013]).
As relevant here, "[a] person is guilty of predatory sexual assault against a child when, being [18] years old or more, [the person] commits the crime of . . . course of sexual conduct against a child in the first degree . . . and the victim is less than [13] years old" (Penal Law former § 130.96). "A person is guilty of course of sexual conduct against a child in the first degree when, over a period of time not less than three months in duration . . . [the person], being [18] years old or more, engages in two or more acts of sexual conduct, which include at least one act of sexual intercourse, oral sexual conduct, anal sexual conduct or aggravated sexual contact, with a child less than [13] years old" (former § 130.75 [1] [b]).
Contrary to defendant's contention and the dissent's conclusion, upon viewing the evidence in the appropriate light, we conclude that "a fair reading of the child's testimony, in context, establishes that" defendant engaged in sexual conduct with the child for the first time soon after the girlfriend and the child moved into defendant's residence, which occurred directly after the child's completion of third grade, i.e., in June or July 2019, and thereafter on numerous occasions on an approximately weekly basis until the last incident occurred "[a] couple days before" defendant was arrested in April 2020 (People v Paramore, 288 AD2d 53, 53 [1st Dept 2001], lv denied 97 NY2d 759 [2002]; see People v Brown, 194 AD3d 1398, 1399 [4th Dept 2021], lv denied 37 NY3d 970 [2021]). Although the child did not pinpoint a precise start date for the sexual conduct, she expressly stated that such conduct began only after she moved into defendant's residence, and the context of the child's testimony—particularly her responses to the prosecutor's questions establishing the move-in date and to the immediately ensuing line of questions about "the first time" the sexual conduct occurred and how the abuse "started"—demonstrates that the sexual conduct began shortly after defendant had access to the child alone, i.e., during the beginning of her summer recess from school (see Paramore, 288 AD2d at 53). Indeed, the child testified that some of the sexual conduct occurred when she was alone with defendant in the residence, and the girlfriend's testimony confirmed that she had regularly worked daytime hours during the summer recess months of 2019 and that the child would "hang out with" defendant when the child was out of school and the girlfriend was working. We thus conclude that, viewing the evidence in the light most favorable to the People, there is a valid line of reasoning and permissible inferences from which a rational jury could have found that the sexual conduct began in June or July 2019 and continued until mid-April 2020, i.e., that it occurred over a period of at least three months (see Brown, 194 AD3d at 1399; Paramore, 288 AD2d at 53; see also People v Judkins, 41 AD3d 1046, 1047 [3d Dept 2007], lv [*3]denied 9 NY3d 962 [2007]; People v Raymo, 19 AD3d 727, 729 [3d Dept 2005], lv denied 5 NY3d 793 [2005]).
Viewing the evidence in light of the elements of the crime as charged to the jury (see Danielson, 9 NY3d at 349), we also reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). " 'Jury resolution of credibility issues, particularly those involving sex-related conduct with a victim of tender years who may have difficulty recalling precise dates and times of the acts, will not be disturbed absent manifest error' " (People v Arnold, 107 AD3d 1526, 1528 [4th Dept 2013], lv denied 22 NY3d 953 [2013]; see Brown, 194 AD3d at 1399). We see no basis to disturb the jury's assessment of witness credibility (see Brown, 194 AD3d at 1399).
Contrary to defendant's contention, we conclude that the sentence is not unduly harsh or severe.
Defendant further contends that the court erred in denying his motion to dismiss the indictment on statutory speedy trial grounds. Defendant contends in particular, as he did before the court, that the People's failure to disclose voluminous social media records obtained by federal prosecutors pursuant to a search warrant in a related federal criminal action (see generally CPL 245.20 [former (1) (u)]) rendered any certificate of compliance (see former CPL 245.50) improper and thereby rendered any statement of trial readiness illusory and insufficient to stop the running of the speedy trial clock (see former CPL 30.30). The court, over defendant's objection to its holding and rationale, denied the motion, reasoning that, although the People had violated their discovery obligations in failing to properly disclose the social media records, the People had acted in good faith and the court's decision to sanction the People by precluding admission of the social media records at trial cured any impropriety in the certificates of compliance that would have prevented the People from being ready for trial.
Preliminarily, we note that the People failed to preserve for our review their alternative ground for affirmance (see CPL 470.05 [2]) and, in any event, we are precluded from reviewing it on defendant's appeal inasmuch as the court did not make a finding adverse to defendant on that distinct issue (see People v Walker, 232 AD3d 1214, 1217-1218 [4th Dept 2024], lv denied 42 NY3d 1082 [2025]; People v Baker, 229 AD3d 1324, 1328 [4th Dept 2024]; see generally CPL 470.15 [1]; People v Garrett, 23 NY3d 878, 885 n 2 [2014], rearg denied 25 NY3d 1215 [2015]). We further note that defendant failed to preserve for our review his contention regarding the timing of the People's filing of their initial certificate of compliance (see People v Guerrero, 235 AD3d 1276, 1278 [4th Dept 2025]; People v Pitts, 206 AD3d 1582, 1583-1584 [4th Dept 2022], lv denied 38 NY3d 1135 [2022]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
With respect to the merits of the determination before us, we conclude that the court applied the wrong standard in determining defendant's motion. The court, "in [effectively] evaluating whether defendant was prejudiced by the People's failure to disclose certain items, conflated the standard applicable to requests for sanctions under CPL 245.80—which does involve a prejudice analysis—with the standard for evaluating the propriety of a certificate of compliance for purposes of determining whether the People's statement of readiness was valid" (People v Gaskin, 214 AD3d 1353, 1355 [4th Dept 2023]; see People v Bay, 41 NY3d 200, 213-214 [2023]). "[T]he key question in determining if a proper [certificate of compliance] has been filed is whether the prosecution has 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery' " (Bay, 41 NY3d at 211). Moreover, contrary to the court's reasoning, "while good faith is required, it is not sufficient standing alone and cannot cure a lack of diligence" (id. at 212).
As defendant acknowledges on appeal, in light of its determination, the court did not [*4]consider whether the People exercised due diligence within the meaning of the statute in effect at the time of defendant's motion. We note that "[i]n Bay, the Court of Appeals made clear that whether the People exercised due diligence is not to be examined in a vacuum. To that end, the non-exclusive list of factors articulated by the Court in that case calls for a holistic assessment of the People's efforts to comply with the automatic discovery provisions, rather than a strict item-by-item test that would require us to conclude that a [certificate of compliance] is improper if the People miss even one item of discovery" (People v Cooperman, 225 AD3d 1216, 1220 [4th Dept 2024], citing Bay, 41 NY3d at 212-213; see People v Sumler, 228 AD3d 1350, 1354-1355 [4th Dept 2024]). We therefore hold the case, reserve decision, and remit the matter to County Court to determine the motion after further submissions, if warranted.
All concur except Greenwood and Nowak, JJ., who dissent and vote to reverse in accordance with the following memorandum: We respectfully dissent inasmuch as we agree with defendant that his conviction of predatory sexual assault against a child (Penal Law former § 130.96) is not supported by legally sufficient evidence.
A verdict is legally sufficient when, viewing the facts in the light most favorable to the People, "there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 349 [2007] [internal quotation marks omitted]). As relevant here and as alleged in the indictment, "[a] person is guilty of predatory sexual assault against a child when, being [18] years old or more, [the person] commits the crime of . . . course of sexual conduct against a child in the first degree . . . and the victim is less than [13] years old" (Penal Law former § 130.96). As further relevant here and as set forth in the version of the statute applicable at the time of the offense, "[a] person is guilty of course of sexual conduct against a child in the first degree when, over a period of not less than three months in duration . . . [the person], being [18] years old or more, engages in two or more acts of sexual conduct, which include at least one act of sexual intercourse . . . with a child less than [13] years old" (former § 130.75 [1] [b]). The People alleged that the course of sexual conduct occurred between June 1, 2019, and April 18, 2020, when the victim (child) was 9 and 10 years old.
The child, who was 11 years old at the time of trial, testified that defendant engaged in sexual intercourse with her on more than one occasion, and she testified that the last act of sexual intercourse occurred a few days before the police came to defendant's house in mid-April 2020. However, the child did not testify as to when the first act of sexual intercourse occurred, other than that it happened when she was living with defendant, and the evidence established that the child moved in with defendant in the summer of 2019. In denying defendant's motion to dismiss, County Court indicated that the child testified that the events occurred "soon after she moved in" with defendant. However, the record contains no questioning of or testimony from the child regarding when the first incident of abuse occurred, nor is there any testimony that would permit us to draw the inference that the abuse began "soon after" the child moved in with defendant. To that end, the prosecutor asked the child when she moved to defendant's house, who else lived there, and to identify photographs of his house. The prosecutor asked the child if defendant had ever touched her "in a way that [she] didn't like," if it had occurred "more than one time," and if the child had always been at defendant's house when it occurred. The prosecutor then asked the child about the first time that defendant abused her and in what room it took place but never asked any questions to identify what time of year it was when the first incident occurred. Later, the prosecutor asked the child how often defendant had touched her "in a way that [she] didn't like," and the child replied that it had occurred "every week" and always at defendant's house.
We recognize that a child who is testifying about sex-related conduct does not need to identify precise dates when the incidents occurred, but here there were "no 'markers' in the [*5]evidence at trial about when the conduct [began]" (People v Partridge, 173 AD3d 1769, 1771 [4th Dept 2019], lv denied 34 NY3d 935 [2019]), such as a season (see People v Woods, 221 AD3d 1415, 1416-1417 [4th Dept 2023], lv denied 40 NY3d 1095 [2024]; People v Hughes, 114 AD3d 1021, 1021-1022 [3d Dept 2014], lv denied 23 NY3d 1038 [2014]; People v Raymo, 19 AD3d 727, 729 [3d Dept 2005], lv denied 5 NY3d 793 [2005]), a school year (see People v Sorrell, 108 AD3d 787, 788-789 [3d Dept 2013], lv denied 23 NY3d 1025 [2014]; People v Schroo, 87 AD3d 1287, 1289 [4th Dept 2011], lv denied 19 NY3d 977 [2012]), the child's age (see People v Garcia, 203 AD3d 1228, 1229 [3d Dept 2022], lv denied 38 NY3d 1032 [2022]; People v Robinson, 156 AD3d 1123, 1125-1126 [3d Dept 2017], lv denied 30 NY3d 1119 [2018]), a holiday (see Raymo, 19 AD3d at 729), or a location that is sufficient to pinpoint a date (see People v Cuadrado, 227 AD3d 1174, 1176-1177 [3d Dept 2024], lv denied 42 NY3d 969 [2024]; People v Carter, 219 AD3d 1703, 1704 [4th Dept 2023], lv denied 40 NY3d 1091 [2024]). It was apparent from the testimony of the child that she was capable of testifying as to when the first incident of abuse occurred, but the prosecutor simply neglected to ask the question.
We respectfully disagree with the majority that the context of the child's testimony demonstrates that the abuse occurred over a period in excess of three months. The majority relies on the child's testimony that some of the sexual conduct occurred when she was alone with defendant in the residence and defendant's girlfriend's testimony that she regularly worked daytime hours during the summer recess months of 2019. The child, however, testified that the girlfriend would sometimes be in the house when the abuse occurred and further testified that the abuse would occur during the day "if it was on the weekend," but during the week she "would be at school." A rational jury could not infer from that testimony that the abuse began in the summer of 2019.
We therefore conclude that there is not legally sufficient evidence to establish, without speculation, that two or more acts of sexual intercourse occurred "over a period of time not less than three months in duration" (Penal Law former § 130.75 [1]; see People v Adolph, 206 AD3d 753, 754 [2d Dept 2022], lv denied 38 NY3d 1148 [2022]; Partridge, 173 AD3d at 1771; see also People v Harrell, 235 AD3d 1294, 1297 [4th Dept 2025], lv denied 43 NY3d 1009 [2025]). Inasmuch as there is not legally sufficient evidence to support a conviction of any lesser included offense (cf. People v Moorhead, 224 AD3d 1225, 1227 [4th Dept 2024], lv denied 41 NY3d 1003 [2024]), we would reverse the judgment and
dismiss the indictment. In light of our determination, it is not necessary to address defendant's remaining contentions.
Entered: November 21, 2025Ann Dillon Flynn
Clerk of the Court