People v Hildreth (2021 NY Slip Op 06250)





People v Hildreth


2021 NY Slip Op 06250


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


814 KA 20-00156

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHAYNE M. HILDRETH, DEFENDANT-APPELLANT. 






NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW (AMBER R. POULOS OF COUNSEL), FOR DEFENDANT-APPELLANT.
DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered October 24, 2019. The judgment convicted defendant upon a jury verdict of use of a child in a sexual performance, unlawful surveillance in the second degree, endangering the welfare of a child and criminal sexual act in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, use of a child in a sexual performance as a sexually motivated felony (Penal Law §§ 130.91, 263.05), unlawful surveillance in the second degree (§ 250.45 [2]), and criminal sexual act in the second degree (§ 130.45 [1]). The first two charges arose from defendant having installed a surveillance camera in the bedroom of the child victim and then using that camera to capture footage of the victim masturbating. The third charge arose from defendant forcing the victim to perform oral sex on him during the summer of 2016.
Defendant contends that there is legally insufficient evidence to support the conviction on the counts of use of a child in a sexual performance as a sexually motivated felony and unlawful surveillance in the second degree because the People failed to present evidence establishing that he captured the footage for the purpose of his own sexual gratification (see Penal Law §§ 130.91 [1]; 250.45 [2]). We reject that contention. The sexual gratification elements could be inferred from defendant's act of installing a camera in the victim's bedroom (see People v Newman, 87 AD3d 1348, 1349 [4th Dept 2011], lv denied 18 NY3d 926 [2012]), as well as from other evidence presented at trial. The victim testified that defendant first touched his penis to her vagina when she was four years old, touched her vagina with his mouth or hands "almost every day" after that, and at times put his penis in her mouth. In addition, pornographic images depicting children other than the victim were found stored on defendant's cell phone. Viewing that evidence in the light most favorable to the People, we conclude that " 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found' " beyond a reasonable doubt that defendant captured the surveillance images of the masturbating victim for his own sexual gratification (People v Acosta, 80 NY2d 665, 672 [1993]; see §§ 130.91 [1]; 250.45 [2]; see generally People v Danielson, 9 NY3d 342, 349 [2007]).
Although defendant's remaining challenges to the legal sufficiency of the evidence are unpreserved for our review inasmuch as his motion for a trial order of dismissal was not " 'specifically directed' " at those alleged errors (People v Gray, 86 NY2d 10, 19 [1995]), we nevertheless review the evidence with respect to each of the elements of the crimes in the context of our review of defendant's contention that the verdict is contrary to the weight of the evidence (see People v Simmons, 184 AD3d 326, 327 [4th Dept 2020]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 [*2]NY2d 490, 495 [1987]).
Defendant further contends that County Court abused its discretion when it allowed the victim to testify about prior uncharged crimes committed by defendant and when it allowed in evidence some of the child pornography found on his cell phone. More particularly, defendant contends that the probative value of that evidence was outweighed by its potential for prejudice (see generally People v Leonard, 29 NY3d 1, 6-7 [2017]). We reject that contention. Defendant's past sexual abuse of the victim and his interest in child pornography were highly probative of whether defendant, whose home had previously been broken into, installed the surveillance camera in the victim's bedroom in order to capture images of her for the purpose of his own sexual gratification (see People v MacLeod, 162 AD3d 1751, 1751-1752 [4th Dept 2018], lv denied 32 NY3d 1005 [2018]; see also People v Ramsaran, 154 AD3d 1051, 1054 [3d Dept 2017], lv denied 30 NY3d 1063 [2017]). With respect to the criminal sexual act charge, defendant's past abuse of the victim "provided necessary background information on the nature of the relationship and placed the charged conduct in context" (People v Dorm, 12 NY3d 16, 19 [2009]; see Ramsaran, 154 AD3d at 1054). Thus, the probative value of that evidence " 'outweighed its tendency to demonstrate defendant's criminal propensity' " (MacLeod, 162 AD3d at 1752).
Defendant failed to preserve for our review his contention that the court erred in failing to provide an immediate limiting instruction with respect to the foregoing Molineux evidence (see CPL 470.05 [2]; People v Hall, 182 AD3d 1023, 1024 [4th Dept 2020], lv denied 35 NY3d 1045 [2020]). Defense counsel had ample opportunity to object to the content and timing of the court's intended instruction, but made no such objection. We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant's contention that the court abused its discretion in refusing to suppress certain evidence and statements that he made to the police is also unpreserved for our review because the specific challenges raised on appeal were not raised in defendant's motion (see People v Samuel, 137 AD3d 1691, 1693 [4th Dept 2016]). Likewise, defendant did not object, and thus failed to preserve his present challenges, to allegedly improper remarks made during jury voir dire (see People v Green, 179 AD3d 1516, 1516 [4th Dept 2020], lv denied 35 NY3d 993 [2020], reconsideration denied 35 NY3d 1045 [2020], cert denied — US &mdash, 141 S Ct 2525 [2021]) and the People's summation (see People v Lane, 106 AD3d 1478, 1480 [4th Dept 2013], lv denied 21 NY3d 1043 [2013]). We decline to exercise our power to review those challenges as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant failed to preserve his challenge to allegedly inaccurate statements contained in the presentence report (see People v Richardson, 142 AD3d 1318, 1319 [4th Dept 2016], lv denied 28 NY3d 1150 [2017]; People v Williams, 89 AD3d 1222, 1224 [3d Dept 2011], lv denied 18 NY3d 887 [2012]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Contrary to defendant's further contention, the sentence is not unduly harsh or severe.
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court