People v Woods (2023 NY Slip Op 05799)

People v Woods

2023 NY Slip Op 05799

Decided on November 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, GREENWOOD, AND DELCONTE, JJ.

624 KA 22-00623

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIC J. WOODS, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Jefferson County Court (David A. Renzi, J.), rendered April 4, 2022. The judgment convicted defendant upon a jury verdict of sexual abuse in the first degree (three counts), sexual abuse in the second degree (two counts), criminal sexual act in the second degree (18 counts), criminal sexual act in the third degree (17 counts) and rape in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of sexual abuse in the first degree (Penal Law § 130.65 [4]), two counts of sexual abuse in the second degree (§ 130.60 [2]), 18 counts of criminal sexual act in the second degree (§ 130.45 [1]), 17 counts of criminal sexual act in the third degree (§ 130.40 [2]), and one count of rape in the third degree (§ 130.25 [2]), in connection with allegations that, over a period of five years, he repeatedly committed numerous sex offenses against the victim.
Defendant contends that County Court and defense counsel failed to ensure his presence in the courtroom when defense counsel waived defendant's right to a scheduled Huntley hearing, and that, in any event, he did not knowingly, intelligently, and voluntarily waive his entitlement to that hearing. Because those contentions rely on matters outside the record, however, we conclude that they must be raised by way of a CPL article 440 motion (see People v Fricke, 216 AD3d 1446, 1448 [4th Dept 2023], lv denied 40 NY3d 928 [2023]; see generally People v Mahoney, 175 AD3d 1034, 1036 [4th Dept 2019], lv denied 35 NY3d 943 [2020]).
Defendant's contention that the victim's testimony rendered duplicitous several counts in the indictment is unpreserved for our review (see People v Allen, 24 NY3d 441, 449-450 [2014]; People v Riley, 182 AD3d 1017, 1017 [4th Dept 2020], lv denied 35 NY3d 1069 [2020]) and, despite the People's concession with respect to count 50 of the indictment, we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). By strictly adhering to the preservation requirement for issues of non-facial duplicity we simply aim to "prevent unnecessary surprise after the conduct of a complete trial," and we note that "[a]ny uncertainty [with respect to duplicity] could have easily been remedied with an objection during
. . . the witness testimony, or to the jury charge" (Allen, 24 NY3d at 449). Defendant contends that the evidence is legally insufficient to support his conviction of sexual abuse in the first degree under counts 11-13 of the indictment, sexual abuse in the second degree under counts 14-15 of the indictment, criminal sexual act in the second degree under counts 16-33 of the indictment, and criminal sexual act in the third degree under counts 34-48 of the indictment on the ground that the victim's testimony lacked the requisite specificity with respect to the time frame for each of those counts. Initially, contrary to the People's assertion, [*2]we conclude that the contention is preserved for our review because defendant's motion for a trial order of dismissal made the same specific argument that he now makes on appeal (see People v Gray, 86 NY2d 10, 19 [1995]). Inasmuch as defendant rested without presenting any evidence, he was not required to renew his motion to preserve his sufficiency contention (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction. With respect to the counts of sexual abuse in the first and second degrees, the victim's testimony established that defendant would, once a season during the relevant time frame, touch her on the breasts under the guise of giving her a massage, an account which was corroborated by defendant's statement to the police. In a similar vein, with respect to the counts of criminal sexual act in the second and third degrees, the victim's testimony amply established that defendant would, once a month during the relevant time frame for those counts, enter her bedroom and, also under the guise of giving her a massage, would engage her in oral sexual conduct, and the victim's testimony in that regard also was corroborated by defendant's statement to police (see People v Feliciano, 196 AD3d 1030, 1033 [4th Dept 2021], lv denied 37 NY3d 1059 [2021]; People v Carlson, 184 AD3d 1139, 1140-1141 [4th Dept 2020], lv denied 35 NY3d 1064 [2020]; People v Lawrence, 81 AD3d 1326, 1327 [4th Dept 2011], lv denied 17 NY3d 797 [2011]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to the aforementioned counts is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even if we assume, arguendo, that a different verdict would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see People v Kilgore, 203 AD3d 1634, 1634-1635 [4th Dept 2022], lv denied 38 NY3d 1134 [2022]; see generally Bleakley, 69 NY2d at 495). Ultimately, the jury was in the best position to assess the victim's credibility (see People v Hunt, 172 AD3d 1888, 1889 [4th Dept 2019], lv denied 34 NY3d 933 [2019]; see generally People v Ruiz, 159 AD3d 1375, 1375 [4th Dept 2018]), and we perceive no reason to reject the jury's credibility determination.
Defendant's contention that the court erred in failing to provide an immediate limiting instruction with respect to certain testimony admitted in evidence under People v Molineux (168 NY 264 [1901]), is unpreserved for our review (see CPL 470.05 [2]; People v McKoy, 217 AD3d 1396, 1399 [4th Dept 2023]; People v Hildreth, 199 AD3d 1366, 1368 [4th Dept 2021], lv denied 37 NY3d 1161 [2022]), and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; McKoy, 217 AD3d at 1399).
Finally, we reject defendant's contention that the sentence is unduly harsh and severe.
Entered: November 17, 2023
Ann Dillon Flynn
Clerk of the Court