People v Mountzouros

2026 NY Slip Op 02555

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

KENNETH T. MOUNTZOUROS, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

239 KA 23-00808

Present: Whalen, P.J., Bannister, Smith, Nowak, And Delconte, JJ.

ALAN P. REED, BATH, FOR DEFENDANT-APPELLANT.

Appeal from a judgment of the Livingston County Court (Kevin Van Allen, J.), rendered April 18, 2023. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree, sexual abuse in the second degree, and forcible touching (two counts).

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of one count each of sexual abuse in the first degree (Penal Law § 130.65 [4]) and sexual abuse in the second degree (§ 130.60 [2]) and two counts of forcible touching (§ 130.52 [1]). We affirm.

Defendant contends that the People's pretrial motion seeking to introduce certain uncharged incidents of sexual abuse committed by defendant against the victim as Molineux evidence was an effective concession by the People that the indictment was facially duplicitous. We reject that contention. "An indictment is duplicitous when a single count charges more than one offense" (People v Allen, 24 NY3d 441, 448 [2014] [internal quotation marks omitted and emphasis added]). Molineux evidence, conversely, regards a defendant's uncharged crimes or bad acts, admitted under an exception to the general rule prohibiting such proof (see People v Telfair, 41 NY3d 107, 114 [2023]). Thus, the People's attempt to introduce uncharged acts of sexual abuse as Molineux evidence did not reflect—or, as defendant contends, effectively result in a concession—that the indictment was facially duplicitous. To the extent that defendant raises other contentions regarding the alleged duplicity of the indictment, defendant failed to preserve those contentions for our review (see generally Allen, 24 NY3d at 449-450; People v Woods, 221 AD3d 1415, 1416 [4th Dept 2023], lv denied 40 NY3d 1095 [2024]).

To the extent that defendant contends that the time period alleged in count 1 of the indictment, which charged him with sexual abuse in the first degree, rendered that count defective and subject to dismissal because it included a time period after which the subject child turned 13 years old, we conclude that the contention lacks merit (see People v Carter, 147 AD3d 1514, 1515 [4th Dept 2017], lv denied 29 NY3d 1030 [2017]). Count 1 charged defendant with sexual abuse in the first degree by name, with reference to the relevant section of the Penal Law as well as the relevant subdivision containing the age element (see id.). In addition, count 1 specifically alleged that defendant committed the act against a child who was, at the time, less than 13 years old, and that allegation was not negated by inclusion of a period of time when the victim was 13 years of age or older (see id.).

We likewise reject defendant's contention that County Court erred in admitting in evidence the testimony of the victim regarding uncharged sexual abuse by defendant. Such evidence was admissible in this case "to complete the narrative of the events charged in the indictment . . . , and it also provided necessary background information" (People v Workman, 56 AD3d 1155, 1156 [4th Dept 2008], lv denied 12 NY3d 789 [2009] [internal quotation marks omitted]; see People v Bailey, 239 AD3d 1375, 1375-1376 [4th Dept 2025], lv denied 44 NY3d 1009 [2025]; People v Caballero, 199 AD3d 1468, 1470 [4th Dept 2021], lv denied 38 NY3d [*2]926 [2022], reconsideration denied 38 NY3d 949 [2022]). To the extent that defendant contends that the court's instructions to the jury regarding the Molineux evidence were inadequate, defendant failed to preserve that contention for our review (see generally People v Hildreth, 199 AD3d 1366, 1368 [4th Dept 2021], lv denied 37 NY3d 1161 [2022]).

Defendant next contends that he was denied a fair trial when the court provided an allegedly insufficient instruction in response to a prospective juror's comments during voir dire that allegedly tainted certain seated jurors and the pool of prospective jurors. By failing to object to the content of the court's instruction, however, defendant failed to preserve that issue for our review (see generally People v Gaiter, 224 AD3d 1384, 1384 [4th Dept 2024], lv denied 41 NY3d 1018 [2024], reconsideration denied 42 NY3d 970 [2024]; People v Hall, 194 AD3d 1372, 1373 [4th Dept 2021], lv denied 37 NY3d 972 [2021]; People v Standsblack, 162 AD3d 1523, 1527 [4th Dept 2018], lv denied 32 NY3d 1008 [2018]).

Defendant further contends that the court erred in permitting the People to elicit testimony from an expert regarding child sexual abuse accommodation syndrome (CSAAS). Contrary to defendant's contention, however, such testimony is admissible to explain to a jury why a child victim might, as did the victim in this case, delay in disclosing sexual abuse (see People v Nicholson, 26 NY3d 813, 828 [2016]; People v Williams, 20 NY3d 579, 584 [2013]; People v Young, 206 AD3d 1631, 1632 [4th Dept 2022]). To the extent that defendant contends that answers given during voir dire established that this particular jury panel did not require CSAAS testimony, the record of jury voir dire does not support defendant's contention (see Nicholson, 26 NY3d at 828-829).

Defendant's contention regarding the legal sufficiency of the evidence is not preserved for our review inasmuch as defendant made only a general motion for a trial order of dismissal (see People v Fowler, 239 AD3d 1444, 1444 [4th Dept 2025], lv denied 44 NY3d 1011 [2025]; see generally People v Gray, 86 NY2d 10, 19 [1995]).

Finally, although we conclude that defendant has raised no issue warranting reversal or modification of the judgment, we note that the Livingston County District Attorney failed to file a brief in opposition to this appeal and therefore failed "to perform [her] duty to the people of [her] county" (People v Maull, 218 AD3d 1236, 1243 [4th Dept 2023] [internal quotation marks omitted]; see People v Coger, 2 AD3d 1279, 1280 [4th Dept 2003], lv denied 2 NY3d 738 [2004]). The District Attorney is obligated to file a brief in opposition "unless the appeal is from a judgment which [s]he concedes should be reversed" (Coger, 2 AD3d at 1280 [internal quotation marks omitted]). No such concession has been made in this case.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court